Edward W. Hill and Dolores Hill, Appellants *v.* Lower Saucon Township Zoning Hearing Board and Lower Saucon Township Council, Appellees.

Argued June 10, 1982, before Judges BLATT, WILLIAMS, JR. and CRAIG, sitting as a panel of three.

*Jay Meyers*, for appellants.

*George A. Heitczman,* for appellee, Lower Saucon Township Zoning Hearing Board.

OPINION BY JUDGE WILLIAMS, JR., March 1, 1983:

Before us in this case is an order of the Court of Common Pleas of Northampton County dismissing the zoning appeal of Edward W. Hill and Dolores Hill, husband and wife. The Hills had appealed to the trial court from a decision of the Lower Saucon Township Zoning Hearing Board (Board) denying them a variance and other zoning relief.

Mr. and Mrs. Hill own a vacant parcel of land located in an "R-12" zoning district of Lower Saucon Township, Northampton County. Their parcel consists of about two and three-quarter acres. Mr. Hill is in the paving, excavating and landscaping business; and he desired to use their vacant property for business storage purposes. Because such a use was not a permitted one in an "R-12" district, the Hills applied to the Board for a zoning variance. By that application, they sought permission to erect a building for the storage of business materials, and to use the land for the parking of business vehicles and other equipment.

The Board held a hearing on June 16, 1980; at that time, the Hills amended their application to include a request for a special exception, and a claim of prior nonconforming use. On that same date, upon the completion of the hearing, the Board voted to deny the zoning relief sought by the Hills.

On July 7, 1980, Mr. and Mrs. Hill appealed from the Board's decision to the Court of Common Pleas. Their filed "Notice of Appeal" was, in pertinent part, as follows:

TO THE PROTHONOTARY:

Kindly file this Appeal from the decision of the Lower Saucon Township Zoning Hearing

Board, Lower Saucon Township, made on June 16, 1980.

Issue Certiorari to the said Lower Saucon Township Zoning Hearing Board and/or Lower Saucon Township Council relative to property located on Weaver's Lane, Lower Saucon Township, Northampton County, Pennsylvania.

/s/ Jay Meyers
Attorney for:
Edward W. Hill and
Dolores Hill,
Appellants.

As is obvious from the above, the "Notice of Appeal" did not set forth any grounds for appeal. Nevertheless, the appeal was docketed; and a writ of certiorari was issued to the Board.

On August 5, 1980, the Board responded to the writ of certiorari by filing its written findings and conclusions with the court; the Board also filed a copy of the transcribed notes of testimony from the zoning hearing.

On February 19, 1981, more than eight months after the Board's decision, and more than six months after the Board had complied with the writ of certiorari, the Hills filed in the trial court a brief in support of their appeal. The trial court heard argument on April 7, 1981; at that time, the attorney for the Board moved to dismiss the appeal. The basis for the motion to dismiss was the fact that the "Notice of Appeal" filed by the Hills did not specify any grounds for relief. The trial court agreed with the Board's motion; consequently, on July 1, 1981, the trial court issued an order dismissing the Hills' appeal. From that order Mr. and Mrs. Hill appealed to our Court.

Section 1008(1) of the Pennsylvania Municipalities Planning Code[1] (MPC) states, in part here pertinent, that:

> Zoning appeals shall be entered as of course by the prothonotary or clerk upon the filing of a zoning appeal notice *which concisely sets forth the grounds on which the appellant relies.* (Emphasis added.)

Based on the above statutory provision, we have held that, where a notice of appeal fails to specify any ground for the appeal, a dismissal of the appeal is warranted. *Lyons v. Erie Zoning Board of Adjustment,* 20 Pa. Commonwealth Ct. 165, 340 A.2d 585 (1975); *see Kreitz v. Zoning Board of Adjustment,* 4 Pa. Commonwealth Ct. 602, 287 A.2d 884 (1972). Hence, under our decisions, the trial court was correct in dismissing the appeal.

The appellants seem to suggest, as a threshold matter, that their brief to the trial court, filed more than seven months after their appeal from the Board's decision, was sufficient to satisfy Section 1008(1) of the MPC. For us to accept that argument would do violence to the express terms of that Section.

Next, in an effort to excuse their noncompliance with Section 1008(1), the appellants point to the fact that the prothonotary of the court below did accept and docket their appeal from the Board's decision. The appellants also point out that no objection was raised by the attorney for the Board until the time of oral argument below. In our view, neither of those factors excused the appellants from being aware of and heeding the clearly expressed mandate of Section 1008(1) of the MPC.

The other contention advanced by the appellants relates to the signature on the Board's written deci-

---

[1] Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §11008(1).

sion. In that regard, it should be pointed out that the Board's written decision bore at the end the typed words "Zoning Hearing Board of Lower Saucon Township." Those words were followed by a single signature, that of the solicitor for the Board. The appellants argue that the decision had to be signed by a "hearing officer," and that the lone signature of the solicitor rendered the decision a nullity. We see no merit in that argument. Under Section 908(9) of the MPC,[2] a zoning decision may be by either a zoning board or a hearing officer. Although Section 908(9) requires that decisions be in writing, there is nothing in that Section to indicate who must sign a decision, or even that a decision must be signed at all. In the instant case, the written decision bore the name of the Board; that fact was sufficient to at least represent that the writing was the act of the Board itself. The fact that the solicitor signed the written decision did not preclude the writing or the stated decision from being that of the Board. *Packard v. Commonwealth*, 57 Pa. Commonwealth Ct. 322, 426 A.2d 1220 (1981). At the very least, the solicitor's signature served to verify that the writing was the official decision of the Board.

We must note, in passing, that the appellants' sole procedural challenge to the Board's written decision was their assertion about the solicitor's signature. The appellants have not contended, at any stage of this case, that the written decision was not timely rendered. Indeed, in the appellants' own brief to this Court, they state that *"a written decision [was] handed down on June 16, 1980."* (Emphasis added.)[3] June 16, 1980, was the very same date on which the Board both heard the case and voted to deny relief.

---

[2] 53 P.S. §10908(9).

[3] Page 3 of appellants' brief.

For the reasons set forth in this opinion, we affirm the order of the trial court.

ORDER

AND Now, the 1st day of March, 1983, the order of the Court of Common Pleas of Northampton County dated July 1, 1981, at No. 1980-C-6779, is affirmed.