572 A.2d 1323

**QUEEN VILLAGE NEIGHBORS ASSOCIATION, INC., Appellant,**

v.

**ZONING BOARD OF ADJUSTMENT and City of Philadelphia and Stephen Stein, Appellees.**

Commonwealth Court of Pennsylvania.

Argued March 6, 1990.

Decided April 16, 1990.

Lawrence A. Nathanson, Drinker, Biddle & Reath, for appellant.

Franklin H. Spitzer, with him, Debra K. Wolf, Wolf, Block, Schorr and Solis–Cohen, for appellee, Stephen Stein.

Before CRAIG and PALLADINO, JJ., and BARRY, Senior Judge.

CRAIG, Judge.

The Queen Village Neighbors Association, Inc. (QVNA) appeals from an order of the Court of Common Pleas of Philadelphia which granted Stephen Stein's motion to quash QVNA's appeal from a decision of the Philadelphia Zoning Board of Adjustment because QVNA failed to comply with the Philadelphia Zoning Code provision relating to zoning petitions to common pleas court.

On December 31, 1987, the board granted Stein a variance to operate a parking lot. On January 29, 1988, QVNA filed a notice of appeal from the board's decision in compliance with Rule 146 of the Philadelphia Common Pleas Court's Civil Rules. The notice contained the following:

Appellant, Queen Village Neighbors Association, Inc., appeals from the decision of the Zoning Board of Adjustment, dated December 31, 1987, granting zoning and use variances for real property located at 706–12 S. 3rd Street through to 312–16 Bainbridge Street, Philadelphia, Pennsylvania.

Stein filed a motion to quash QVNA's appeal, arguing that the notice did not comply with section 14–1806(1) of the Philadelphia Zoning Code, which provides:

(1) Any person or persons jointly or severally aggrieved by any decision of the Board, or any taxpayer, or any officer, department, board or bureau of the City, *may* present to a Court of record *a Petition, duly verified,* setting forth that such decision is illegal in whole or in part, *specifying the grounds of the illegality.* Such Petition shall be presented to the Court within thirty days after the filing of the decision in the office of the Board. (Emphasis added.)

The court granted Stein's motion because QVNA's appeal did not specify the reasons for appeal and because QVNA did not include an executed verification. This appeal followed.

Unlike the Philadelphia Zoning Code which requires a petition to the court to be verified, specifying the reason for the appeal, the court's Civil Rules do not impose these requirements on a notice of appeal.

■ The salient issue in this case is whether the court's Civil Rules or the Philadelphia Zoning Code governs a zoning appeal from a board decision.

QVNA argues that the language in Zoning Code § 14–1806(1) is discretionary, stressing that the section uses the word "may," as follows:

(1) Any person ... aggrieved by any decision of the Board, ... *may* present to a Court of record a Petition.... (Emphasis added.)

We disagree with QVNA that the word "may" in § 14–1806(1) means that the procedure to be followed in presenting an appeal to the court is discretionary. Rather, the word "may" means that aggrieved parties are not required to appeal board decisions. However, when a party does decide to appeal a board decision, the section states its requirements for the petition contents.

Although Rule 146 of the Philadelphia Civil Rules is titled *"Administrative Agency Appeals,"* note 2 to the Rule provides:

2. The procedure provided by any Act of Assembly under which an adjudication may be appealed to a court of record governs the procedures on appeal to the extent of any inconsistency with these rules.

Philadelphia has Home Rule status pursuant to the First Class City Home Rule Act, Act of April 21, 1949, P.L. 665, *as amended,* 53 P.S. §§ 13101–13157. Section 17 of the Act, 53 P.S. § 13131, provides:

Section 17. General Grant of Power and Authority

... the city ... shall have and may exercise all powers and authority of local self-government and shall have complete powers of legislation and administration in relation to its municipal functions, ... and the city may enact ordinances, rules and regulations necessary and proper for carrying into execution the foregoing powers....

"Ordinances of the City of Philadelphia have the effect and force of an Act of Assembly." *Action Alliance of Senior Citizens v. Philadelphia Gas Commission,* 45 Pa.Commonwealth Ct. 234, 241, 406 A.2d 1155, 1158 (1979). Therefore, § 14.806(1) of the Philadelphia Zoning Code has the effect of a statute.

In *Hill v. Lower Saucon Township Zoning Hearing Board,* 72 Pa.Commonwealth Ct. 381, 456 A.2d 667 (1983), this court held that failure to comply with the statutory

provision of section 1008(1) of the Pennsylvania Municipalities Planning Code (MPC),[1] which requires a notice of appeal to specify to the court the grounds for appeal, warrants a dismissal of the appeal. Therefore, following the holding in *Hill*, we conclude that, in Philadelphia, where the MPC is not applicable, the Philadelphia Zoning Code governs as if it were a statute, so that at the institution of a zoning appeal there must be a verified petition specifying grounds or reasons. Because QVNA's notice of appeal did not comply with section 14–1806(1) of the Philadelphia Zoning Code, the court properly dismissed the appeal.

Accordingly, we affirm.

## ORDER

NOW, April 16, 1990, the decision of the Court of Common Pleas of Philadelphia County, No. 5071, dated May 1, 1989, is affirmed.

---

**1.** Act of July 31, 1968, P.L. 805, *as amended, formerly* 53 P.S. § 11008(1), repealed by the Act of December 21, 1988, P.L. 1329. A similar provision is now found in section 1003–A of the Municipalities Planning Code, 53 P.S. § 11003–A.