591 A.2d 782

**INDUSTRIAL TERMINAL & SALVAGE COMPANY**

v.

**BOROUGH OF INDUSTRY.**

**Appeal of Paul O. WALTON, Sr.**

Commonwealth Court of Pennsylvania.

Argued Feb. 11, 1991.

Decided May 22, 1991.

116

---

Michael L Brungo, for appellant.

Myron R. Sainovich, for appellee Borough of Industry.

John D. McBride, Beaker, for appellee Indus. Terminal & Salvage Co.

Before COLINS and PALLADINO, JJ., and NARICK, Senior Judge.

PALLADINO, Judge.

Paul O. Walton, Sr. (Appellant) appeals from an order of the Court of Common Pleas of Beaver County (trial court) denying his Petition for Leave to Intervene in an action to vacate certain streets in the Borough of Industry (Borough) on the grounds that Appellant's interests were already adequately represented.

On May 11, 1988, Industry Terminal and Salvage Company (Industry) filed a petition to vacate seven streets in the Borough. This petition was filed with the Borough council as required by Section 1742 of The Borough Code, Act of February 1, 1966, P.L. (1965) 1656, *as amended*, 53 P.S. § 46742. Following a public hearing, the council voted unanimously to deny the petition to vacate. Industry appealed the council's decision to the trial court, and the Borough, through its solicitor, filed an answer to the appeal.

Appellant, a member of the Borough council, as well as a resident and landowner in the Borough, sought to intervene in the appeal. Appellant alleged in the petition to intervene that an injustice would be done to the Borough if he was not permitted to intervene, that he had legally enforceable interests which would be affected by the vacation of the streets, and that his interests would not be adequately represented. Appellant alleged that the following interests would be affected: his right generally to use the streets and alleys proposed to be vacated, and more specifically, to access his property, particularly in the event of a flood; his right to use a portion of Canton Street and Wabash Street proposed to be vacated to gain access to the Ohio River to fish and use his boat, there being no other public access for fifteen miles; and his interest in being relieved of having to

prosecute another lawsuit to prove his private right to use the streets, or defend a quiet title action to extinguish his private rights to use the streets to be vacated. Appellant also alleged that his interests were not adequately represented because the majority of the Borough council might not fully defend the appeal; Appellant's lack of control over the attorney; and the Borough council's concern over the cost of the litigation rather than facts and law. Following a hearing, the trial court denied the petition to intervene. This appeal followed.

The sole issue presented to this court by the Appellant on appeal, is whether the trial court abused its discretion in denying Appellant's petition to intervene, using as its reason that Appellant's interests were adequately represented.

■ We note initially that because this is a statutory appeal under The Borough Code, the rules of civil procedure generally do not apply, *Appeal of Borough of Churchill*, 525 Pa. 80, 87, 575 A.2d 550, 553 (1990); *Pennsylvania Liquor Control Board v. Willow Grove Veterans Home Association*, 97 Pa.Commonwealth Ct. 391, 509 A.2d 958 (1986). Therefore, use of the petition to intervene as a vehicle to gain participation in the litigation is inappropriate.

■ This appeal is subject to the procedural requirements of section 1741 of The Borough Code, 53 P.S. § 46741 which reads in relevant part as follows:

§ 46741. **Authority to vacate streets; procedure**

Any borough shall have authority, by ordinance, to vacate or close any street or portion thereof ... but no street or portion thereof providing the sole means of access to any lot or tract of land shall be vacated unless those to whom access would be denied shall consent. No such ordinance shall become effective until forty days after the enactment thereof. Within ten days after the enactment of any such ordinance, the borough shall give written notice by United States certified mail return receipt requested to the personal address to the owners of all property abut-

ting on the street or portion thereof so proposed to be vacated. If any street or portion thereof proposed to be vacated shall be on a recorded plan, the borough shall also give thirty days notice in a newspaper of general circulation in the borough of the proposed vacation directed to all the owners of property abutting on the street or portion thereof proposed to be vacated by name and directed generally to all other owners of property appearing on such plan ... During such forty-day period between the enactment and taking effect of such ordinance, any interested party may petition counsel for a hearing, ... Any such petition shall serve to stay the effective date of such ordinance, until council shall have held such hearing and shall have acted upon such petition by motion, or, in case of further appeal, until the court shall have finally disposed of the matter. *After such hearing and within thirty days after action by council upon such petition, any party aggrieved by council's action thereupon may appeal to the court of common pleas.* (Emphasis added.)

Accordingly, the real issue is whether Appellant is an aggrieved party entitled to appeal under the Borough Code. To be considered an aggrieved party, the party must show a direct and substantial interest in the subject matter of the litigation and this interest must be immediate and pecuniary rather than a remote consequence of any judgment. *William Penn Parking Garage, Inc. v. City of Pittsburgh*, 464 Pa. 168, 192, 346 A.2d 269, 280 (1975).

Consideration must be given to how Appellant's rights are affected by the vacation of the present streets. Section 1744 of The Borough Code, 53 P.S. § 46744 is the applicable section, which reads as follows:

§ 46744.  **Effect of vacation**

When a street or portion thereof shall have been vacated, all public right in or to such street or portion thereof shall cease, but such vacation shall not affect any private rights acquired by any of the owners of abutting property.

It is not sufficient for the person claiming to be aggrieved to assert the common interests of all citizens. *William Penn*, 464 Pa. at 192, 346 A.2d at 280–281.

Appellant does not claim to own any property which abuts those portions of the streets to be vacated, and the language of the statute clearly indicates that the appeal procedure was established so that abutting property owners could protect their rights of access to their own land. The only effect on Appellant would be the loss of his rights, as a member of the general public, to use and access land open to the public. Appellant is merely asserting the common interests of all citizens. The legislature has placed the protection of that interest in the hands of the Borough.

We conclude that Appellant was not an aggrieved party in this matter, and accordingly had no right to appeal, or participate in the appeal.

Accordingly, the order of the trial court is affirmed.[1]

## ORDER

AND NOW, May 22, 1991, the order of the Court of Common Pleas of Beaver County in the above-captioned matter is affirmed.

---

1. Although the trial court's order denied a petition to intervene, a trial court may be affirmed despite the use of an erroneous procedure, if there are independent grounds for affirmance. *Concord Township Appeal*, 439 Pa. 466, 469, 268 A.2d 765, 766 (1970).