# Snyderman v. Pennsylvania Liquor Control Board

C.P. of Philadelphia County, no. 9507-0169.

*Mark J. Schwemler,* for Snyderman.

*Harry S. Tischler,* for intervenor, School District of Philadelphia.

*Robin Coward,* for Pennsylvania Liquor Control Board.

*Gary F. DiVito,* for World Beat Restaurants Inc.

AVELLINO, *J.*, March 14, 1996—This is an appeal from an order refusing to allow the Philadelphia School District to intervene in a statutory appeal involving the Liquor Control Board.[1] The material facts are not disputed. On July 10, 1995, the LCB granted an application to transfer a liquor license from one location to another. On July 31, 1995, Rick Snyderman, who resides within 300 feet of the new location, appealed that ruling to common pleas pursuant to section 933 of the Judicial Code, 42 Pa.C.S. §933(a)(1)(v). His appeal was timely, but just barely. See 47 P.S. §4-464 (allowing 20 days to appeal transfer determinations). On August 3, 1995—three days *after* the appeal period expired—the district filed a praecipe purporting to intervene. The applicant responded with a motion to strike. That motion was granted and this appeal followed.[2]

The district relies on Phila.Civ.R. 320(E) ("subpart (E)"), arguing it authorizes intervention via praecipe in any appeal so long as the would-be intervenor "entered an appearance in the proceedings before the agency [below]."[3] Explaining it appeared in the proceedings

---

1. Pennsylvania courts and commentators use the expression, "statutory appeal," to describe a legislative grant of court access that is designed to facilitate judicial review of action taken by administrative bodies. See *e.g., Erie Human Relations Commission ex rel. Dunson v. Erie Insurance Exchange,* 465 Pa. 240, 245, 348 A.2d 742, 744 (1975); Comment, *Judicial Review of Administrative Action in Pennsylvania: An Updated Look at Reviewability and Standing,* 16 Duq. L. Rev. 201, 202 (1977-78).

2. Mr. Snyderman lost his case and did not appeal. Consequently, the only matter for appellate review is the propriety of my order denying the District intervenor status.

3. See memorandum (October 23, 1995) at 2. As a preliminary matter, the language quoted in the text *does not* appear in the body of subpart (E). Instead, it appears at the bottom of a *form* that is

before the LCB, the district insists it may, therefore, intervene "as of right." It reasons that because Phila.Civ.R. 320(C) ("subpart (C)") allows an appeal to be commenced by "notice," and because the form of "notice" authorized by subpart (E) contains a provision saying persons who appeared below may intervene "as of right," surely such a right must exist. Unfortunately for the district, its leap of faith is at odds with established doctrine.

It is well-settled that a local rule authorizing "notice" appeals cannot trump a statutory command, like the one in the Liquor Code, that appeals "shall be" commenced by "petition."[4] This principle is enshrined in subpart (C), footnote 2: *The procedure provided by any [statute] under which an adjudication may be appealed . . . governs the procedure on appeal [if inconsistent] with these rules.*[5] (emphasis added) Legal

---

*appended* thereto. Subpart (E) is titled, "form of notice of appeal," and part (1) thereof states: "The notice of appeal shall be in substantially the following form." The form itself appears on a different page in the "forms" section of Philadelphia County Court Rules (July 1995 ed.). See appendix "A" (replicating the form).

4. Section 4-464 of the Liquor Code, 47 P.S. 4-464, states: "[Schools within] three hundred feet of the [proposed premises], aggrieved by [a transfer decision] may take an appeal limited to the question of such grievance . . . . *Such appeal shall be upon petition of the aggrieved party,* who shall serve a copy thereof upon the board, whereupon a hearing shall be held upon the *petition* by the court . . . ." (emphasis added)

5. Appellate courts are devoted to the maxim that whenever the legislature creates a remedy, the statutory requirements must be rigidly applied. For this reason, would-be litigants are routinely denied court access for inconsequential mistakes like labeling a paper a "notice of appeal," as opposed to a "petition for appeal." See *e.g., Queen Village Neighbors Association Inc. v. Zoning Board of Adjustment,*

maxims aside, it was always clear, historically speaking, that Rule 320 was not designed for LCB appeals.[6] For example, the rule was adopted in February 1988, for appeals that were heard on the *civil* side of the court. At that time (and for the next three-and-one-half years), appeals involving the LCB were heard on the *criminal* side of the court.[7] I could go on, but I have said enough to make a preliminary point: The district was *not* entitled

132 Pa. Commw. 402, 572 A.2d 1323 (1990); *Hill v. Lower Saucon Township Zoning Hearing Board,* 72 Pa. Commw. 381, 456 A.2d 667 (1983); *Lyons v. Zoning Board of Adjustment of City of Erie,* 20 Pa. Commw. 165, 340 A.2d 585 (1975). See also, *DeMeno v. Zoning Hearing Board of Plymouth Township,* 82 Pa. Commw. 334, 474 A.2d 1180 (1984) (invalidating a local rule authorizing intervention by "praecipe" because it was incompatible with a statutory requirement for intervention by "petition").

6. Former Rule 320 was titled, "zoning board," and governed appellate practice under the ancient writ of certiorari. Former Rule 146 was adopted in 1981 and titled "administrative agency appeals." It governed appeals involving the Local Agency Law and probably subsumed former Rule 320. See *e.g., Queen Village Neighbors Association Inc.,* 132 Pa. Commw. at 405, 572 A.2d at 1324. Former Rule 146 was amended slightly and renumbered Rule 320 in February 1988.

7. For historical (and political) reasons, LCB appeals were always regarded as "criminal" matters and, hence, entered the courthouse via the clerk of Quarter Sessions. See *e.g., Appeal of Zatek,* 99 P.L.J. 31, 33 (1951) (Pa.R.C.P. 209, which governs civil cases, has no bearing on LCB appeals since they are criminal matters heard by Quarter Sessions Courts). Although this arrangement was enshrined in the Judicial Code, 42 Pa.C.S. §2756(a)(2), I persuaded the clerk, a publicly elected official, to relinquish his jurisdiction, effective July 1, 1991. See 42 Pa.C.S. §2756(b)(2) (authorizing elected clerks to relinquish certain powers). Afterwards, LCB appeals were filed with the prothonotary and processed on the civil side of the court.

to intervene via praecipe and could not have reasonably concluded otherwise.[8]

It is common ground that the district was entitled to appeal. If it had, I could have consolidated its appeal with Mr. Snyderman's. If it had filed its praecipe *before* the appeal period expired, I could have invoked section 708 of the Judicial Code, 42 Pa.C.S. §708(a), and transformed it into a valid appeal.[9] If it had researched the law beforehand, it would have known that the Liquor Code does not authorize intervention on appeal,[10] and that intervention is not available under the Pennsylvania Rules of Civil Procedure[11] or the Pennsylvania Rules

---

8. It may be worth adding that Mr. Snyderman did not include any advice on intervention in the notice of appeal which he served on the district. See appendix "B."

9. See *e.g., Albrechta v. Borough of Shickshinny,* 129 Pa. Commw. 206, 212, 565 A.2d 198, 201 (1989) (improvident process filed after the appeal period has expired cannot be transformed into a valid appeal), *appeal denied,* 525 Pa. 620, 577 A.2d 891 (1990).

10. In the area of zoning, the law is otherwise. See *e.g,* section 11004A of the Municipalities Planning Code, 53 Pa.C.S. §11004-A (authorizing intervention as of right within 30 days in zoning appeals, and thereafter, upon petition, pursuant to the Pennsylvania Rules of Civil Procedure); section 14-1807(2) of the Philadelphia Zoning Code (same, but not mentioning the statewide rules). *Compare* Phila.Civ.R. 325(D) (authorizing intervention via praecipe for persons who entered an appearance before the zoning board).

11. See *e.g., Industrial Terminal & Salvage Co. v. Borough of Industry,* 140 Pa. Commw. 115, 118, 591 A.2d 782, 783 (1991) ("[B]ecause this is a statutory appeal . . . the rules of civil procedure generally do not apply. . . . Therefore, use of the petition to intervene as a vehicle to gain participation in the litigation is inappropriate.") (citations omitted); *Appeal of Borough of Churchill,* 525 Pa. 80, 87, 575 A.2d 550, 553 (1990) *("Churchill")* (statutory appeals are not "civil actions" and, hence, not governed by the statewide rules).

of Appellate Procedure.[12] Additionally, it would have learned that intervention is not authorized by the Administrative Agency Law or the Local Agency Law although, in fairness, neither statute governs common pleas processing of LCB appeals.[13]

Although intervention is not *authorized,* neither is it *forbidden.* Instead, it is one of several appellate subjects that are adrift, so to speak, in a procedural "void." The Supreme Court is content, at least for now, to have trial judges fill such "voids." [14] Speaking broadly, we fill our *lacunas* with case management orders.[15] Such

---

12. See *e.g.,* G. Ronald Darlington et al., Pennsylvania Appellate Practice §103:2 (2d ed. 1994) ("[T]he [appellate] rules are not applicable to procedures before a county court of common pleas. . . ."). See also, *id.* at §1531.3 & n.41 ("[T]he device of intervention may not be used as a substitute for the [filing of an appeal].").

13. See *e.g.,* Standard Pennsylvania Practice §166:259 (2d ed. 1992) ("The Administrative Agency Law [does] not apply to any appeal from a Commonwealth agency which may be taken initially to the courts of common pleas under [section 933 of the Judicial Code, 42 Pa.C.S. §933].").

14. See *e.g., Churchill,* 525 Pa. at 89, 575 A.2d at 554 (authorizing trial judges to process statutory appeals on an *ad hoc* basis). See also, *id.* (explaining that the rules laid down by individual judges are not subject to Pa.R.C.P. 239). Only one justice presently favors uniform processing: "I believe the better approach would be to establish one [statewide] procedure, rather than to defer to [every] trial judge's discretion." *Id.* at 93, 575 A.2d at 556 (Zappala, J., concurring and dissenting).

15. For a classic discussion of the power of decision and its rule-making implications, see Renzo D. Bowers, *The Judicial Discretion of Trial Courts* (1931). For an analogous discussion that receives more attention from commentators, see Lon L. Fuller, *The Forms and Limits of Adjudication,* 92 Harv. L. Rev. 353 (1978).

an order was served on the district (by Mr. Snyderman) and authorized intervention on an application basis.[16]

In short, if the district had *asked,* I could have granted intervention. Instead, it *demanded* to intervene "as of right," got annoyed when I explained that such a right did not exist, declined my invitation to participate on a non-party basis, and stomped out of court just before the start of the (de novo) hearing on Mr. Snyderman's appeal.[17] Withal, the district made too many legal (and tactical) errors.

16. See appendix "C" ("ancillary applications"). I grant intervention in most cases because I rue administering justice on an assembly-line basis.

17. See transcript (December 15, 1995) at 4-18.

## APPENDIX "A"

| [attorney's name, identification number, address and telephone number] | Attorney for Appellant, |
|---|---|
| (Appellant) v. | Court of Common Pleas of Philadelphia County _____Term, 19____ |
| (Appellee) | no._____ Re: *[property address, if applicable]* |

### NOTICE OF APPEAL

*[Appellant]* hereby appeals from the adjudication of *[agency from which appeal taken]* made on            , 19       at *[calendar number, docket number, etc.]* [See Philadelphia Civil Rules 325(B) and 330(B) for additional requirements, if applicable].

_____
(Appellant or Attorney for Appellant)

Dated: _____

Please take notice that all parties that entered an appearance in the proceedings before the agency may intervene as of right in this appeal by filing a praecipe to intervene within 30 days of the date of this notice.

---

## APPENDIX "B"

Mark J. Schwemler, Esquire
Attorney I.D. No. 44544
Elliott Reihner Siedzikowski & Egan, P.C.
Union Meeting Corporate Center V
925 Harvest Drive
Blue Bell, PA 19422 (215) 977-1000
Attorneys for Appellant, Rick Snyderman

COURT OF COMMON PLEAS OF
PHILADELPHIA COUNTY
Term, 1995

No. 95-07-SD-0169

RICK SNYDERMAN,

Appellant,

v.

PENNSYLVANIA LIQUOR CONTROL BOARD
and WORLD BEAT RESTAURANTS INC.,

Appellees.

NOTICE OF APPEAL

Appellant, Rick Snyderman, hereby appeals from the adjudication of the Pennsylvania Liquor Control Board made on July 10, 1995. A copy of the order appealed from is attached hereto.

/s/Mark J. Schwemler

DATED: July 28, 1995

APPENDIX "C"

## IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY

## FIRST JUDICIAL DISTRICT OF PENNSYLVANIA

## CIVIL TRIAL DIVISION

No. 95-07 SD-0169

Snyderman v. LCB, a state or local agency

## STANDING CASE MANAGEMENT ORDER: *OTHER* AGENCY APPEALS

(1) *Status conference:* Your appeal has been assigned to me, and I have listed it for a brief conference on 9-19-1995, at 10 a.m., in courtroom "N," 12th Floor, Wanamaker Building, 100 Penn Square East, Philadelphia, PA.

(2) *Service:*

(a) *State agency:* If you are appealing from an order of a state agency, you must serve a copy of your appeal papers upon (1) the agency that issued the order; and (2) any party who participated in the proceedings before that agency;*

(b) *Local agency:* If you are appealing from an order of a local agency, you must serve a copy of your appeal papers upon (1) the agency that issued the order; (2) any party who participated in the proceedings before that agency;* and (3) The City of Philadelphia, c/o The City Solicitor, 1101 Market Street, 10th Floor, Philadelphia, PA 19107.

---

* Persons in this category must also be served with a copy of this order.

Service may be made by certified mail, return-receipt requested, and should be made within seven days. Additional methods for making service are provided for in Phila.Civ.Rule 320(F)(2). You are not required to file an affidavit of service, but will be expected to present proof of service if requested.

(3) *Continuances:* No one is authorized to postpone this listing except me. A postponement request is not likely to be granted unless it is presented in *advance* of the conference and in *open court* after reasonable notice to opposing counsel. In an emergency, such a request may be made via telephone conferencing.

(4) *Ancillary applications:* Motions and petitions shall be presented in accordance with established practice under Phila.Civ.Rule 206.2. Ancillary applications may be presented as of course at the status conference. Other presentation dates may be obtained from the clerk, (215) 686-2907. In an emergency, ancillary applications may be presented via telephone conferencing.

(5) *Unsolicited communications:* I do not read unsolicited correspondence or accept *ex parte* telephone calls. If you need to communicate, kindly follow the procedures in paragraph 4.

(6) *Standard for timely disposition:* The court, as opposed to the parties, is responsible for the timely disposition of all cases, including appeals from administrative agencies. The court expects to dispose of 90 percent of its agency appeals within 180 days of *filing.*

(7) *Additional instructions:* If your appeal is not disposed beforehand, I will enter a scheduling order at the conclusion of the status conference.

BY THE COURT:

/s/Bernard J. Avellino, J.

Date July 21, 1995