Kreitz, et al. *v.* Zoning Board of Adjustment and Ciotti, Intervenor.

Argued February 7, 1972, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Elwood M. Malos*, with him *Renald S. Baratta* and *Malos, Baurkot & Baratta*, for appellants.

*Philip D. Lauer*, for intervenor.

No appearance for appellee.

OPINION PER CURIAM, February 29, 1972:

This appeal is from an order of the Court of Common Pleas of Northampton County dismissing an ap-

peal from the Zoning Hearing Board of the City of Easton, which granted a special exception for the construction of garden-type apartment units.

We have reviewed the record and we adopt the opinion of President Judge CLINTON B. PALMER, following:

"This matter is before the court on the motion of Sebastian R. Ciotti, intervenor and grantee of a special exception by the Zoning Hearing Board of the City of Easton, to dismiss the appeal of Charles H. Yeager and Jacqueline Yeager, his wife, et al., from a decision of the Zoning Hearing Board of the City of Easton rendered March 2, 1971, granting intervenor a special exception for the construction of 90 garden-type apartment units north of the Lafayette Street Extension in Easton, Pennsylvania.

"On January 29, 1971, a hearing on the application of Sebastian R. Ciotti for a special exception for the construction of 90 garden-type apartment units in the City of Easton was held by the Zoning Board of Adjustment of the City of Easton. On March 2, 1971, the Zoning Board of Adjustment rendered a decision granting the special exception.

"On April 1, 1971, appellants filed the following:

"1. A paper captioned 'Appeal' setting forth the following, 'Charles H. Yeager and Jacqueline Yeager, his wife, Ralph S. Evely and Ruth Evely, his wife, Alex L. Cruickshank and Helen Cruickshank, his wife, Francis H. Connolly and Delores Connolly, his wife, Chester R. Stem and Eva Stem, his wife, Frank Grad and Maria Grad, his wife, Arthur A. Kreitz and Lucy Kreitz, his wife, Clair E. Churchman and Helen Churchman, his wife, Mary Willson Hilliard and Kathryn Krausz, appeal from the adjudication of the Zoning Board of Adjustment of the City of Easton made on March 2, 1971, granting the appeal of Sebastian R. Ciotti.' and

"2. A petition and rule to show cause why the Zoning Board of Adjustment of the City of Easton should not be ordered to file a transcript of the proceedings had before it relative to the grant of the special exception and a request for leave for the appellants to postpone the filing of grounds for the appeal until twenty days from the date the Zoning Board of Adjustment files the transcript of the proceedings.

"The above notice of appeal and petition and rule to show cause were served upon the Zoning Board of Adjustment on April 8, 1971, pursuant to Section 1005 (b) of the Municipalities Planning Code, Act of July 3, 1968, P. L. , No. 247, Article X, Section 1005(b), 53 P.S. 11005(b). A writ of certiorari directing the board within fifteen days[1] after receipt thereof to certify to the court its entire record accompanied the notice of appeal. There is no indication in the record that appellants served a true copy of the zoning appeal notice upon Sebastian R. Ciotti or upon the record owner of the property for which the special exception was granted. On April 16, 1971, Sebastian R. Ciotti filed a notice of intervention. Because of the intervenor's failure to accompany the filing of the original notice of intervention with proof of service of same upon each appellant or appellants' counsel, on April 28, 1971, the intervenor filed a new notice of intervention together with appropriate proof of service. On April 22, 1971, the Zoning Board of Adjustment of the City of Easton filed an Answer to the appellants' petition and rule to show cause. On May 26, 1971, the intervenor, Sebastian R. Ciotti, filed an Answer to the appellants' petition and rule to show cause. On May 7, 1971, upon the petition and rule to show cause of Se-

---

[1] The Municipalities Planning Code changed the time limit to 20 days, but the Writ employed by the Prothonotary in the instant case provides for 15 days. Cf. 53 P.S. 11005(b).

bastian R. Ciotti, intervenor, the court entered an Order directing the appellants to show cause why the appeal should not be dismissed.

"It is this motion to dismiss which presently is before the court. In the motion, the intervenor sets forth the following grounds for the dismissal of the appeal:

"1. 'Appellants are not parties as that term is defined by the Pennsylvania Municipalities Planning Code, 53 P.S. 10908(3), in that the record shows they have made no appearance of record before the Zoning Board of Adjustment, and under 53 P.S. 11003 cannot file appeals under the ruling herein attacked.'

"2. 'The Appellants did not, within five (5) days after the Zoning Appeal was filed, serve a true copy of the Zoning Appeal Notice upon the intervenor, as required by the Pennsylvania Municipalities Planning Code, 53 P.S. 11005(c).'

"3. 'The Zoning Appeal previously filed in this matter on April 1, 1971, contains no grounds upon which the Appellant relies, and does not concisely set forth said grounds, as required by the Pennsylvania Municipalities Planning Code, 53 P.S. 11005(a).'

"Since a transcript of the testimony taken before the Zoning Hearing Board is not available at this time, and since the first ground for the dismissal of the appeal can be determined only by an examination of the transcript, in his brief the intervenor reserves the question whether appellants are barred from taking an appeal because they allegedly were not parties before the Board.

"In addition to questions 2 and 3, the intervenor briefs the question raised by appellants' petition and rule to show cause why the Zoning Board of Adjustment should not be ordered to file a transcript of the proceedings.

"Two of these issues may be discussed jointly: (1) whether the appellants' notice of appeal complies with

the requirements of 1005(a), and (2) if not, whether the failure of the Zoning Board to furnish a free copy of the transcript to appellants supplies them with an excuse for failure to file a proper notice of appeal. Our disposition of these questions makes unnecessary the discussion of the third.

"It is appellants' position that they were under no obligation to specify the grounds for their appeal in their notice of appeal until they had been furnished a free copy of the transcript of the hearings before the Board. This position appears unsound for two reasons. First, it relies on an insupportable reading of the Municipalities Planning Code under which the Board is under an obligation to make a transcript of proceedings which are preserved by sound recordings rather than stenographic records. Section 908(7), 53 P.S. 10908(7), dispels all doubt on this question. That section provides as follows: '(7) The board or the hearing officer, as the case may be, shall keep a record of the proceedings, either stenographically or by sound recording, and a transcript of the proceedings and copies of graphic or written material received in evidence shall be made available to any party at cost.' And section 1009, 53 P.S. 11009, contemplates situations where 'no verbatim record of testimony before the Board was made': 'If no verbatim record of testimony before the board was made, or if upon motion, it is shown that proper consideration of the zoning appeal requires the presentation of additional evidence a judge of the court may hold a hearing to receive such evidence or may remand the case to the board or refer it to a referee to receive such evidence. * * *'

"Clearly, it was the intention of the Legislature to require the Board to preserve a record of the proceedings by either sound recordings or stenographic records. No inference can be made from these sections that the

Board was intended to bear the financial burden of preparing a typed transcript. Nor does any other section of the Planning Code supply authority for this premise. The other indications of legislative intent are contrary. Thus, Section 1007 provides: 'The appellant, before proceeding to hearing or argument upon the zoning appeal, shall obtain and file with the court a transcript thereof.'

"Secondly, appellants argue they are unable to comply with the requirement of Section 1005(a) that the notice of appeal state concisely the grounds for the appeal, and therefore their failure to comply is excusable. Accepting appellants' contention that they were all parties before the board (and therefore have standing to take an appeal) it follows they were all present at the hearing. Counsel for appellants, therefore, had access to the recent recollections of some sixteen persons in aiding the formulation of the grounds of appeal. In addition to this source, counsel could have examined the decision of the Board for reasons assigned for the decision and specifically challenged those findings of fact and conclusions of law. Finally, appellants could have had the sound recordings transcribed by the Board at cost, as provided by Section 908(7), 53 P.S. 10908(7). Appellants are not entitled to special treatment simply because they did not retain counsel until after the January 29th hearing. Their failure to retain counsel who could represent them at the hearings may have put them at a disadvantage in preparing an appeal from the decision of the Board, but it appears to us this is not an excuse for failing to assign grounds for the appeal from that decision.

"Under these particular circumstances, we must hold that the appellants' notice of appeal does not comply with the requirement of Section 1005(a) that zoning appeal notices must concisely set forth the grounds on

which appellants rely and that this failure to so comply is not excused by the lawful refusal of the Board to supply them with a free transcript of the proceedings before the Board."

This appeal is dismissed and the order of the lower court is affirmed.