Leonard E. Lyons and Ethel M. Lyons, his wife, *v.* The Zoning Board of Adjustment of the City of Erie, Erie, Pa. *v.* First Allegheny Construction and Development Corporation. Leonard E. Lyons and Ethel M. Lyons, Appellants.

Argued May 7, 1975, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

166

*Eugene J. Brew,* with him *Dale and Brew,* for appellants.

*Lawrence L. Kinter,* Deputy City Solicitor, for appellee, Zoning Board of Adjustment.

*Robert H. Chase,* for appellee, First Allegheny Construction and Development Corporation.

OPINION BY JUDGE MENCER, July 8, 1975:

In this zoning case, First Allegheny Construction and Development Corporation (Allegheny) applied for a variance to the building line requirements of the Zoning Ordinance of the City of Erie. On July 11, 1972, the Zoning Board of Adjustment of the City of Erie (Zoning Board) granted the variance in favor of Allegheny. Leonard E. Lyons and Ethel M. Lyons (appellants) are the owners of property adjacent to the property of Allegheny which received the variance.

Appellants were notified by their attorney of the decision of the Zoning Board and were informed that they had thirty days to appeal to the court of Common Pleas of Erie County.[1] On August 9, 1972, appellants

---

1. An appeal from a decision of a zoning board to a court of common pleas must be taken not later than thirty days after notice

mailed a letter by certified mail to the "Court of Common Pleas, Erie County Court House." The letter was received and signed for by the Deputy Prothonotary of Erie County on August 9, 1972, but it was apparently misplaced and there is no record in the Prothonotary's office of this letter:[2]

On August 15, 1972, an appeal from the Zoning Board's decision of July 11, 1972 was filed on behalf of appellants by their then attorney.[3]

Allegheny filed a motion to dismiss the appeal, and the Court of Common Pleas granted this motion and dismissed the appeal by order dated September 5, 1974. This appeal followed and we affirm.[4]

Section 1008(1) of the Pennsylvania Municipalities Planning Code, 53 P.S. §11008(1), provides in pertinent part that "[z]oning appeals shall be entered as of course

of the decision is issued. Section 1007 of the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P. L. 805, *added* by the Act of June 1, 1972, P. L. 333, §19, 53 P.S. §11007. *See Zimmer v. Susquehanna County Planning Commission*, 14 Pa. Commonwealth Ct. 435, 322 A. 2d 420 (1974).

2. The letter sent by appellants read as follows:

"July 9, 1972 [*sic*]

"Erie County Court House
Court of Common Pleas
Dear Sir

Mr & Mrs Leonard Lyons of 216 Parkway wish to appeal the zoning variance granted to Alleghany Const. Co. on July 11, 192 [*sic*] to build a Turn Key House at 214 Parkway Dr.
Please let us hear from you as soon as possible.

Thank you
Mr Leonard Lyons"

3. Appellants changed attorneys between July 11, 1972 and August 15, 1972.

4. Appellants do not contend that the lower court was in error in determining that their appeal of August 15, 1972 was untimely but only assert here that they properly filed their appeal within the thirty-day appeal period by way of the letter mailed to the lower court on August 9, 1972.

by the prothonotary or clerk upon the filing of a zoning appeal notice *which concisely sets forth the grounds on which the appellant relies.*" (Emphasis added.) We held in *Kreitz v. Zoning Board of Adjustment,* 4 Pa. Commonwealth Ct. 602, 287 A. 2d 884 (1972), that a failure, as in the instant case, to specify any ground for appeal warrants dismissal of the appeal.

While we regret that appellants have lost for themselves their "day in court," we must recognize the *Kreitz* is controlling here since appellants' letter of August 9, 1972 totally failed to set forth, concisely or otherwise, the grounds on which appellants relied for their zoning appeal.

Order affirmed.