571 A.2d 560

**SUMMIT TOWNSHIP BOARD OF SUPERVISORS, Appellant,**

**v.**

**SUMMIT TOWNSHIP ZONING HEARING BOARD, Appellee.**

Commonwealth Court of Pennsylvania.

Argued Feb. 5, 1990.

Decided March 19, 1990.

Evan C. Rudert, with him, Richard W. Perhacs, Elderkin, Martin, Kelly, Messina & Zamboldi, for appellant.

Michael J. Visnosky, McClure & Miller, Erie, for appellee.

Sondra K. Slade, with her, John F. Stoviak, Saul, Ewing, Remick & Saul, Philadelphia, for intervenor, Waste Management of Pennsylvania, Inc.

Before McGINLEY and PELLEGRINI, JJ., BARRY, Senior Judge.

McGINLEY, Judge.

Summit Township Board of Supervisors (Appellant) has appealed from an order of the Court of Common Pleas of Erie County (trial court), dated April 12, 1989, granting the preliminary objections of Waste Management of Pennsylvania, Inc. (Intervenor) and dismissing Appellant's appeal from a decision of the Summit Township Zoning Hearing Board (Board). The sole issue is whether Appellant's notice of appeal has concisely set forth the grounds upon which Appellant relies. We reverse.

The Summit Township Zoning Officer denied Intervenor's request for a building permit to construct a waste recycling facility. Intervenor appealed to the Board which, following a hearing thereon, sustained the appeal and directed the Zoning Officer to issue the permit. On January 6, 1989, Appellant filed a timely appeal from the Board's decision to the trial court. On January 31, 1989, Intervenor filed both a notice of intervention and preliminary objections, in the nature of a motion to dismiss, alleging that Appellant failed to concisely set forth the grounds relied upon in its appeal.

After considering briefs and hearing oral argument on the motion to dismiss, the trial court concluded that Appellant did not comply with Section 1008(1) of the Pennsylvania Municipalities Planning Code [1] which requires that a zoning appeal notice concisely set forth the grounds upon which Appellant relies. The trial court thus granted the motion to dismiss. Appellant subsequently filed the present appeal with this Court.

Appellant contends that its notice of appeal, which incorporated by reference the Board's findings and conclusions and asserted that they were not supported by record evidence and were erroneous as a matter of law, was sufficient to meet the requirements of Section 1008(1). We agree and find that the cases relied upon by the trial court are inapposite. In *Kreitz v. Zoning Board of Adjustment,* 4 Pa. Commonwealth Ct. 602, 287 A.2d 884 (1972), the notice of appeal consisted only of a piece of paper labeled "Appeal" which stated simply that the persons named therein appeal. Likewise, in *Lyons v. Zoning Board of Adjustment,* 20 Pa. Commonwealth Ct. 165, 340 A.2d 585 (1975), the notice of appeal consisted only of a letter signed by the

---

**1.** Act of July 31, 1968, P.L. 805, *as amended,* formerly 53 P.S. § 11008(1). Section 1008(1), which was in effect when the present notice of appeal was filed, required, in relevant part, that a zoning appeal notice concisely set forth the grounds upon which Appellant relies. Section 1008(1) has been repealed and reenacted in substantially the same form and can now be found at 53 P.S. § 11003–A(a). The only difference is that the term "zoning appeal" has been changed to "land use appeal."

Lyons stating merely that they wish to appeal the grant of a variance to Allegheny Construction Company.

Unlike the appellants in *Kreitz* and *Lyons,* Appellant herein has set forth the legal basis of its appeal. Moreover, in *Hill v. Lower Saucon Township Zoning Hearing Board,* 72 Pa. Commonwealth Ct. 381, 384, 456 A.2d 667, 668 (1983), this Court interpreted *Kreitz* and *Lyons* as establishing a rule that "where a notice of appeal fails to specify any ground for the appeal, a dismissal of the appeal is warranted." We find that Appellant has concisely specified the legal grounds for appeal and no dismissal is warranted.

Accordingly, we reverse the trial court and remand this matter for consideration of the merits.

## ORDER

AND NOW, this 19th day of March, 1990, we reverse the order of the Erie County Court of Common Pleas, dated April 12, 1989, dismissing the above-captioned appeal. We hereby remand this case to the Erie County Court of Common Pleas for consideration of the merits.

Jurisdiction relinquished.