635 A.2d 725

**Ronald RIGBY, Appellant,**

v.

**BOARD OF SUPERVISORS OF UNITY TOWNSHIP, P & P Properties.**

Commonwealth Court of Pennsylvania.

Submitted Sept. 15, 1993.

Decided Dec. 23, 1993.

Bruce E. Dice and Craig H. Alexander, for appellant.

Daniel J. Hewitt, for appellee P & P Properties.

Before CRAIG, President Judge, and DOYLE, COLINS, PALLADINO, SMITH, PELLEGRINI and FRIEDMAN, JJ.

COLINS, Judge.

Ronald F. Rigby (Rigby) appeals from the June 29, 1992 order of the Court of Common Pleas of Westmoreland County (Common Pleas) quashing his statutory appeal of a decision of the Board of Supervisors of Unity Township (Board), which approved a subdivision plan of P & P Properties (P & P). Common Pleas quashed Rigby's appeal, because he had not served P & P, the owner of the property to be subdivided, with a copy of the appeal notice within seven days, as required by Section 1003-A(c) of the Pennsylvania Municipalities Planning Code (Code).[1]

On May 11, 1992, Rigby filed a timely appeal in Common Pleas of the Board's decision approving the subdivision plan. Rigby served the notice of appeal on Unity Township, its zoning hearing board, and its solicitor, but Rigby did not serve the notice of appeal on P & P. Nonetheless, on May 19, 1992, only eight days after the appeal was filed, P & P filed a notice of intervention pursuant to Section 1004-A of the Code, 53 P.S. § 11004-A. Simultaneously, P & P filed its motion to quash the appeal.

After conducting an evidentiary hearing on the motion to quash, on June 11, 1992, Common Pleas granted that motion in its June 29, 1992 order. The accompanying decision contains findings of fact not at issue presently and concludes that Rigby did not make a good faith effort to identify P & P as the landowner and that P & P was prejudiced by not having received prompt notice of the appeal. Conclusion of Law No. 6 provides: "The Intervenor/landowner has made extensive financial commitments to the development of the use."

Rigby has timely appealed to this Court and has presented two issues for this Court's review. Rigby queries first, wheth-

1. Act of July 31, 1968, P.L. 805, *as amended*, added by the Act of December 21, 1988, P.L. 1329, 53 P.S. § 11003-A(c), which provides, in pertinent part:

> If the appellant is a person other than the landowner of the land directly involved in the decision or action appealed from, the appellant, within seven days after the land use appeal is filed, shall serve a true copy of the land use appeal notice by mailing said notice to the landowner or his attorney at his last known address.

er Common Pleas erred, when it granted P & P's motion to quash. Rigby queries second, whether Common Pleas erred, when it impliedly denied Rigby's motion to perfect service nunc pro tunc by leave of court pursuant to Section 1003–A(c) of the Code.[2]

This Court has located no cases which interpret Section 1003–A(c) of the Code, but several cases interpret what was formerly Section 1008(3) of the Code, formerly 53 P.S. § 11008(3), which section is identical to the section presently at issue. Rigby argues that two of those cases, *Northampton Residents Association v. Northampton Township Board of Supervisors*[3] and *Taylor v. Zoning Hearing Board, Borough of Lincoln*[4] provide the proper guidance for deciding the matter *sub judice*. Rigby also argues that *Ottaviano v. Society Hill Civic Association,* 73 Pa.Commonwealth Ct. 307, 457 A.2d 1041 (1983) (*Ottaviano*) can be distinguished from the matter *sub judice*.

In *Northampton,* the residents association filed a complaint challenging the validity of two Northampton Township ordinances enacted so as to permit a particular property to be developed as a planned residential development. Both Northampton Township and the developer filed motions for summary judgment, which were granted by the common pleas court. On appeal to this Court, Northampton Township and the developer argued that the residents association had not complied with Section 1008(3) of the Code, which required the landowner of an affected property to be served with the notice of appeal within seven days of its filing. We stated that although service was required and the residents association admitted it had not made that service, "[w]here, however, the delay in serving notice is not of unreasonable length or where

2. Rigby's response to P & P's motion to quash contains a prayer to Common Pleas that that court permit service nunc pro tunc by leave of court pursuant to Section 1003–A(c) of the Code, 53 P.S. § 11003–A(c). Section 1003–A(c) provides, in pertinent part, that "in the event of good faith mistakes as to [the] identity [of the landowner], [the appellant] may make such service nunc pro tunc by leave of court."

3. 14 Pa.Commonwealth Ct. 515, 322 A.2d 787 (1974) (*Northampton*).

4. 46 Pa.Commonwealth Ct. 644, 407 A.2d 910 (1979) (*Taylor*).

there is no prejudice shown to the property owner, we believe that failure to serve such notice within seven days should not, standing alone, be the basis for dismissing an appeal." *Northampton*, 14 Pa.Commonwealth Ct. at 522, 322 A.2d at 791. The record in *Northampton* revealed that the developer petitioned to intervene in the appeal thirty days after its filing and that the developer did not allege that it had suffered any prejudice because of the delay in its receiving notice of the appeal. This Court, therefore, held that the delay alone did not justify dismissal of the appeal.

In *Taylor*, objectors to the granting of a variance by the Lincoln Borough Zoning Hearing Board appealed to this Court, after their appeal was dismissed by the common pleas court. There, as in *Northampton*, the objectors had not served their notice of appeal on the landowner or on his son who had represented the landowner before the zoning hearing board. This Court, relying on *Northampton*, "conclude[d] that the absence of notice was not fatal to this timely zoning appeal...." *Taylor*, 46 Pa.Commonwealth Ct. at 647, 407 A.2d at 912. In *Taylor*, our review of the record revealed that the landowner had not established that he had suffered any prejudice because of the lack of notice. The record established "that the landowner made no commitments toward development of the use, other than some cleaning of the property by the landowner's son in person." *Id.*

In *Ottaviano*, this Court agreed with the petitioner, Joseph Ottaviano (Ottaviano), that the common pleas court had erred, when it refused to quash a civic association's appeal of a decision of Philadelphia's zoning hearing board, which decision granted Ottaviano a variance. Ottaviano argued that the civic association had not served him with notice of the appeal within the time prescribed by a local rule of the common pleas court. The record revealed additionally, that Ottaviano was harmed, because, "by the time he received notice of the appeal, [he] had secured permits pursuant to the grant of the variance and [had] begun the conversion of the premises." *Ottaviano*, 73 Pa.Commonwealth Ct. at 310, 457 A.2d at 1042.

We agree with Rigby that *Northampton* and *Taylor* provide proper precedent for the instant matter. Here, as in those cases, the record reveals that although service of the notice of appeal was not made pursuant to Section 1003–A(c) of the Code, the landowner was not prejudiced by the lack of notice. Here, P & P promptly learned of the filing of the appeal and intervened in the appeal eight days after it was filed. Additionally, although P & P speculated as to the possible financial consequences of the appeal, P & P did not establish that it had suffered any financial consequences because of the appeal. Ronald F. Pastor, an owner of P & P, testified that he had not yet engaged in any construction activities. Additionally, when asked whether he had "suffered any costs other than the hiring of [a lawyer] because of this appeal that you wouldn't ordinarily have had if you were developing this property[,]" he responded that he had not. Pastor's speculation as to the possible financial consequences of the appeal, that is, the possibility that his mortgage costs and/or construction costs might increase, do not establish prejudice. Common pleas, therefore, erred in its Conclusion of Law No. 5, which provides: "The delay in providing the Intervenor with notice has resulted in prejudice to the Intervenor/landowner." [5]

Accordingly, Common Pleas' order is reversed, and this matter is remanded to Common Pleas for consideration of the merits of the appeal.[6]

### ORDER

AND NOW, this 23rd day of December, 1993, the order of the Court of Common Pleas of Westmoreland County in the above-captioned matter is reversed, and this matter is re-

---

**5.** We note that Section 1003–A(d) of the Code, 53 P.S. § 11003–A(d), provides that "[t]he filing of an appeal in court ... shall not stay the action appealed from...." P & P, therefore, is entitled to continue to develop its property.

**6.** Having entirely resolved this matter with regard to Rigby's first issue, we will not address his second issue.

627

manded to said court for consideration of the merits of the appeal.

Jurisdiction relinquished.

KELLEY, J., did not participate in the decision in this case.