Darlene GALL, Appellant,

v.

**ZONING HEARING BOARD OF UPPER MILFORD TOWNSHIP.**

Commonwealth Court of Pennsylvania.

Argued Oct. 5, 1998.

Decided Jan. 27, 1999.

Neil E. Jokelson, Philadelphia, for appellant.

John O. Stover, Jr., Emmaus, for appellee.

Before SMITH, J., PELLEGRINI J., and McCLOSKEY, Senior Judge.

SMITH, Judge.

Darlene Gall (Appellant) appeals to this Court from an order of the Lehigh County Court of Common Pleas that quashed her appeal of a variance granted by the Zoning Hearing Board of .Upper Milford Township (Board). The issue presented herein is whether a court of common pleas may quash a land use appeal when the appellant fails to set forth the grounds for the appeal in the land use appeal notice, but there is no showing of prejudice resultant from said deficiency.

On January 16, 1997, the Board granted a variance to Gloria Smith–Hieter for the purpose of erecting a shed on her property. On February 13, Appellant appealed the Board's decision to the common pleas court with a land use appeal notice stating that:

Appellant, Darlene Gall, hereby appeals to the Court of Common Pleas of Lehigh County, the Opinion and Decision entered on January 16, 1997 by the Upper Milford Township Zoning Hearing Board at Docket No. 96–23. Upon information and belief, it is verified that the referenced Opinion and Decision has been docketed.

On March 11, the Board moved to quash Appellant's land use appeal because the above notice nowhere indicates her grounds for appeal. On March 13, Appellant answered that her notice was legally sufficient

and that, if not, the Board suffered no prejudice from any deficiency. Appellant also proffered grounds for her land use appeal in her answer to the Board's motion; namely, that the property owner's alleged hardship was self-created and not a hardship as would entitle her to variance relief. After hearing argument from both sides, the court granted the motion to quash by order dated September 18, 1997. Appellant appealed the common pleas court's order to the Superior Court, which transferred the matter to this Court.[1]

■ Section 1003–A(a) of the Pennsylvania Municipalities Planning Code (Code), Act of July 31, 1968, P.L. 805, *as amended,* added by section 101 of the Act of December 21, 1988, P.L. 1329, 53 P.S. §11003–A(a), provides:

> Land use appeals shall be entered as of course by the prothonotary or clerk upon the filing of a land use appeal notice which concisely sets forth the grounds on which the appellant relies. The appeal notice need not be verified. The land use appeal notice shall be accompanied by a true copy thereof.

It is well settled that failure to include the grounds for appeal in the land use appeal notice warrants dismissal of the appeal. *Kreitz v. Zoning Board of Adjustment of City of Easton,* 4 Pa.Cmwlth. 602, 287 A.2d 884 (1972). Furthermore, it is proper for a common pleas court to disregard new factual allegations not covered by the grounds stated in the land use appeal notice and first raised after the thirty-day appeal period expires. Section 1002–A of the Code, 53 P.S. §11002–A; *Perin v. Board of Supervisors,* 128 Pa. Cmwlth. 313, 563 A.2d 576 (1989).

■ Appellant argues that in *Kreitz* this Court only upheld the quashal under the particular circumstances of the case, which included several deficiencies beyond the appellants' failure to specify grounds in their notice. To the contrary, although other alleged deficiencies are referenced in *Kreitz,* this Court's decision in that case was expressly based on the appellants' failure to specify grounds for appeal in their notice. Moreover, this Court's subsequent decisions have repeatedly upheld the dismissal of land use appeals on the sole basis that the appeal notice failed to set forth grounds for the appeal. *See Hill v. Lower Saucon Township Zoning Hearing Board,* 72 Pa.Cmwlth. 381, 456 A.2d 667 (1983), *Lyons v. Zoning Board of Adjustment of City of Erie,* 20 Pa.Cmwlth. 165, 340 A.2d 585 (1975). *But see Summit Township Board of Supervisors v. Summit Township Zoning Hearing Board,* 132 Pa. Cmwlth. 8, 571 A.2d 560 (1990) (finding the grounds for appeal adequately set forth where a land use appellant incorporated a zoning board's findings by reference and then asserted that they were unsupported and erroneous).[2] Thus the failure to specify the grounds of appeal in a land use appeal notice, standing alone, warrants dismissal.

Next Appellant contends that it was error to quash her appeal because there is no evidence of record that her failure to specify the grounds for her appeal prejudiced the Board. Appellant argues that under this Court's decision in *Rigby v. Board of Supervisors of Unity Township,* 160 Pa.Cmwlth. 622, 635 A.2d 725 (1993), a land use appeal should be determined on its merits where no prejudice accrues to any party as a result of an alleged technical deficiency. In *Rigby* the common pleas court quashed an appeal from a township board of supervisors' decision because the appellant failed to timely serve a copy of the notice of appeal on the property owner in violation of Section 1003–A(c) of the

---

1. In general, this Court's review of a zoning appeal where the trial court takes no additional evidence is limited to determining whether the Board committed an error of law or an abuse of discretion. *Hill District Project Area v. Zoning Board of Adjustment,* 162 Pa.Cmwlth. 323, 638 A.2d 278 (1994). Because this case, however, was resolved on a procedural issue presented for the first time in the common pleas court, this Court must determine whether that court committed an abuse of discretion or an error of law in reaching its legal conclusions on the issue. *See Pittsburgh Trust v. Zoning Board of Adjustment,* 145 Pa.Cmwlth. 503, 604 A.2d 298 (1992).

2. *Summit Township Board of Supervisors, Perin, Hill, Lyons* and *Kreitz* were all decided under the predecessor to Section 1003–A(a), which contained the same operative language.

Code, 53 P.S. §11003–A(c). This Court reversed the quashal because the property owner was not prejudiced by said deficiency.[3]

■ As noted by *Rigby*, this Court has long held that failure to serve notice on the property owner should not, standing alone, be the basis for dismissal where the delay in serving notice is not of unreasonable length and there is no prejudice to the property owner. *See Northampton Residents Association v. Northampton Township Board of Supervisors,* 14 Pa.Cmwlth. 515, 322 A.2d 787 (1974). Thus this Court has historically upheld more stringent enforcement of the requirements of Section 1003–A(a) than the notice requirement of Section 1003–A(c). Such disparity is supported by the language of Section 1003–A(c) which expressly provides for *nunc pro tunc* service where the appellant makes a good faith mistake as to the owner's identity. Also, the brief one-week period for compliance with Section 1003–A(c) militates against stringent enforcement of that subsection. In contrast, Section 1003–A(a) contains no ameliorating language and permits thirty days for compliance. Because *Rigby* is premised on a rule of law specific to Section 1003–A(c), it does not support the broad proposition advanced by Appellant nor affect the well-settled rule that the failure to specify grounds for appeal in a land use appeal notice, standing alone, warrants dismissal.

More importantly, the grounds for appeal requirement of Section 1003–A(a) plays a necessary role by winnowing the scope of a land use appeal. *See Perin.* Allowing land use appellants the right to raise new issues after expiration of the appeal period would not only afford them a substantial advantage not currently provided by the Code but would also expand litigation in an area already heavily burdened. Because Appellant's land use appeal notice contained no statement of the grounds for appeal, and she failed to proffer grounds until after expiration of the appeal period, the common pleas court properly quashed her land use appeal. For the foregoing reasons, the order of the Lehigh County Court of Common Pleas is affirmed.

## ORDER

AND NOW, this 27th day of January, 1999, the order of the Court of Common Pleas of Lehigh County dated September 18, 1997 is hereby affirmed.

Dissenting opinion by Judge PELLEGRINI.

PELLEGRINI, Judge, dissenting.

I respectfully dissent to the majority's decision dismissing the appeal filed by Darlene Gall (Appellant) for failure to specify the grounds of her appeal because she should have been allowed to file an amendment to her appeal.

The Zoning Hearing Board of Upper Milford Township (Board) granted a variance to Gloria Smith–Hieter so that she could build a shed on her property. Appellant filed an appeal with the Lehigh County Court of Common Pleas (trial court) from the Board's

---

3. Recently the Pennsylvania Supreme Court has had occasion to reverse two decisions of this Court that quashed or dismissed appeals for failure to state the grounds of the appeal. *See Shovel Transfer & Storage, Inc. v. Pennsylvania Liquor Control Board,* 547 Pa. 210, 689 A.2d 910 (1997). See also *Gierschick v. State Employes' Retirement Board,* 551 Pa. 585, 712 A.2d 280 (1998) (per curiam). Neither party mentions these cases but they are worthy of comment. Both of these cases involved an interpretation of the Pennsylvania Rules of Appellate Procedure. Those rules specifically provide that they are to be "liberally construed to secure the just, speedy and inexpensive determination of every matter to which they are applicable." *Shovel Transfer & Storage, Inc.,* at 213, 689 A.2d at 912 (quoting Pa. R.A.P. 105(a)). Specific appellate processes created by statute or promulgated by administrative bodies do not always follow the liberal construction afforded by the general rules. *See, e.g., Newtown Land Limited Partnership v. Department of Environmental Resources,* 660 A.2d 150 (Pa. Cmwlth.1995) (discussing waiver of issues for failure to state grounds in an appeal to the Environmental Hearing Board). Moreover, the result in *Shovel Transfer & Storage, Inc.* was necessary to effectuate Pa. R.A.P. 1503. The Code contains no similar rule of liberal construction nor any competing provision that would be vitiated by the quashal in this case. Neither the *Shovel Transfer & Storage, Inc.* opinion nor the *Gierschick per curiam* order overturns the precedents of this Court discussed in this opinion or upsets the settled statutory and administrative rules that

decision but failed to provide any grounds for her appeal. The Board moved to quash her appeal for that reason and the trial court granted the Board's motion. Appellant then filed an appeal with this Court.

The majority dismisses her appeal on the basis that she failed to specify the grounds of her appeal in the land use appeal as required by Section 1003–A of the Pennsylvania Municipalities Planning Code, 53 P.S. 11003–A(a),[1] and based on numerous decisions by this Court supporting that decision by requiring the same. However, recently, in *Gierschick v. State Employes' Retirement Board,* 551 Pa. 585, 712 A.2d 280 (Pa.1998), our Supreme Court reversed and remanded for a determination on the merits our August 18, 1997 order in *Gierschick v. State Employes' Retirement Board* (No. 1799 C.D. 1997) where we quashed an appeal because it did not set forth the reasons that the agency erred as required by Pa. R.A.P. 1513.[2] While it was a *per curiam* order, our Supreme Court apparently did not want timely filed appeals quashed for that reason when they could easily be amended and the merits addressed.

Because the Supreme Court has indicated by its order that we should not quash this appeal but also allow an amendment, accordingly, I would allow Appellant to amend her appeal and address the merits of the case.

require litigants to set forth or waive grounds for appeal.

**1.** 53 P.S. 11003–A(a) provides the following:

Land use appeals shall be entered as of course by the prothonotary or clerk upon the filing of a land use appeal notice which *concisely sets forth the grounds on which the appellant relies.* The appeal notice need not be verified. The land use appeal notice shall be accompanied by a true copy thereof. (Emphasis added.)

**2.** Pa. R.A.P. 1513 provides, in relevant part, the following:

The petition for review shall contain a statement of the basis for the jurisdiction of the court; the names of the parties seeking review; the name of the government unit ... which made the determination sought to be reviewed; reference to the order or other determination sought to be reviewed; *a general statement of the objections to the order or other determination, and a short statement of the relief sought.* (Emphasis added.)