Kevin M. DALEY, Appellant,

v.

ZONING HEARING BOARD OF UPPER MORELAND TOWNSHIP and St. David's Roman Catholic Church.

Commonwealth Court of Pennsylvania.

Argued Oct. 5, 2000.

Decided April 10, 2001.

---

Philip R. Detwiler, Blue Bell, for appellant.

Carol M. Lauchmen, Harleysville, for appellee, Upper Moreland Township.

William B. Eagan, Willow Grove, for appellee, St. David's Roman Catholic Church.

Before COLINS, Judge, SMITH, Judge, and MIRARCHI, Senior Judge.

SMITH, Judge.

Kevin M. Daley (Appellant) appeals from an order of the Montgomery County Court of Common Pleas that affirmed the decision of the Zoning Hearing Board of Upper Moreland Township (Board) to grant a dimensional variance to St. David's Roman Catholic Church (Church) to allow a buffer zone of 5 feet instead of the required 50 feet. Appellant contends that the trial court improperly based its decision upon arguments which had not been presented to it by the parties and that the record does not contain substantial evidence to support a finding that the Church met the requirements for a variance under Section 910.2 of the Pennsylvania Municipalities Planning Code (Code), Act of July 31, 1968, P.L. 805, *as amended*, added by Section 89 of the Act of December 21, 1988, P.L. 1329, 53 P.S. § 10910.2.

I

The Church was formed in 1918, and it has been conducting worship services on property located in Willow Grove, Pennsylvania (Original Parcel) since before the enactment of the Upper Moreland Zoning Code (Ordinance). The Church's property includes a church building, a rectory and a school. The property is nonconforming as to the Ordinance's parking requirements because the Church fails to provide suffi-cient off-street parking. In 1998 the Church purchased two adjacent parcels located in an Industrial Zoning District at 134 Summit Avenue and 111 Cedar Avenue (New Parcels). Both parcels are improved with single–family dwellings, but the Church purchased the New Parcels intending to demolish those dwellings and to expand its existing parking lot by adding 80 spaces to better accommodate parking needs of its members.

The Church applied to the Board for a dimensional variance for its intended parking lot, requesting a buffer zone of 5 feet instead of the buffer zone of 50 feet required by Section 18.04(3)(e) of the Ordinance.[1] A buffer zone of 5 feet would allow the Church to expand its existing parking lot by a total of 80 feet. The Board held public hearings in the matter on June 24, 1999 and July 8, 1999. Several local residents testified in opposition to the Church's application, including Appellant, who resides at 109 Cedar Avenue, adjacent to the New Parcels. The Church presented a construction plan and several witnesses, including its pastor, in support thereof. At the July 8 hearing the Church presented a revised plan specifying its proposed parking spaces.

The Board found that 1200 families are members of the Church and that attendance at services sometimes exceeds 400 people. The Board determined that the Church has insufficient parking spaces to accommodate its worshippers at some masses as well as at some functions such as funerals and weddings. The lack of parking restricts the activities of the Church and deters some worshippers from attending services. When the parking lot is full, worshippers park on neighborhood

---

1. Section 18.04(3)(e) provides in pertinent part:

   In addition, a buffer yard of not less than fifty (50) feet in width shall be provided in the area separating non-residential uses from residential uses within the INST–Institutional District.

streets, at the school's parking lot across the street and at nearby businesses. Because the school children use the parking lot as their playground, the children are unable to have outdoor recess when the Church has events during the school day. Neighborhood residents have accused Church worshippers of illegal parking and of blocking driveways; on some such occasions the police have been contacted.

The Board found that the planned expansion of the Church's parking lot will create a safer environment for neighborhood children by reducing the traffic on the streets. Several neighbors, including Appellant, testified in opposition to the grant of the variance. They expressed concerns over increased air pollution, noise and loss in property values. The Board found their concerns to be unsubstantiated. The Board concluded that the Church had established an unnecessary hardship because the physical conditions of the surrounding land had changed in the 81 years since the worship facility was built. When it was built, there was no need to consider parking, but now the parking situation prevents the Church from making reasonable use of its property. Without a grant of a variance from the buffer requirement, the Church will be unable to expand its parking lot. Accordingly, the Board granted the variance.

■ Appellant appealed the Board's decision to the trial court, and the Church intervened. The trial court adopted the findings and conclusions of the Board. The court noted that the New Parcels merged with the Original Parcel for purposes of the zoning application because the parcels are adjacent and the Church's intent was for them to merge. The court concluded that the Church established an unnecessary hardship under the relaxed standards required for a dimensional, as opposed to a use, variance. The trial court

dismissed Appellant's appeal and affirmed the decision of the Board. Because the trial court took no additional evidence, the Court's review of the court's order is limited to determining whether the Board committed an error of law or an abuse of discretion. *Gall v. Zoning Hearing Board of Upper Milford Township*, 723 A.2d 758 (Pa.Cmwlth.1999).

## II

■ Appellant first argues that the trial court improperly acted as an advocate for the Church by raising sua sponte the legal arguments that the adjoining properties merged for purposes of the variance application and that there is a lessened burden for dimensional variances. Appellant relies upon the principle that issues which are not raised by the parties are waived and should not be addressed by the court sua sponte. He cites, among other cases, *Society Created to Reduce Urban Blight (SCRUB) v. Zoning Board of Adjustment of Philadelphia*, 682 A.2d 1 (Pa.Cmwlth. 1996), in which the Court held that a trial court had erred by raising the issue of standing sua sponte. The trial court in this case however did not raise new issues. The court merely applied the proper law to the issues presented to it by the parties.

The legal rules concerning the merger of adjoining properties and the lessened burden for dimensional variances both relate to the issue of whether the Church had established the requisite unnecessary hardship before the Board to support its variance application. *See Alpine, Inc. v. Abington Township Zoning Hearing Board*, 654 A.2d 186 (Pa.Cmwlth.1995) (discussing the rule that adjoining properties merge for zoning purposes when a common owner manifestly intends for them to be treated as one); *Hertzberg v. Zoning Board of Adjustment of Pittsburgh*, 554 Pa. 249, 721 A.2d 43 (1998)

(discussing the burden to establish unnecessary hardship for dimensional variances). The issue of whether the Church had established the requisite hardship was properly presented to the trial court by the parties.

■ Appellant next argues that there is insufficient evidence in the record to support the Board's conclusion that the Church met the requirements for a variance under Section 910.2(a) of the Code, 53 P.S. § 10910.2(a).[2] Specifically, Appellant contends that the Church must satisfy all of the requirements recently restated in *Evans v. Zoning Hearing Board of Spring City*, 732 A.2d 686 (Pa.Cmwlth.1999), and that any hardship suffered by the Church was self-inflicted because the New Parcels contained residential houses when the Church purchased them, and thus the New Parcels are perfectly suitable for use as residential property.

■ As the trial court correctly noted, in determining whether an unnecessary hardship exists, the New Parcels and the Original Parcel must be treated as one parcel because they are adjacent and it is the Church's intent to have one integrated parcel. *Alpine, Inc.* Mere common ownership of adjoining lots does not automatically establish a physical merger of those lots for purposes of zoning. *Tinicum Township v. Jones*, 723 A.2d 1068 (Pa.Cmwlth. 1998). Nevertheless, when a landowner acquires two adjoining lots after the passage of a zoning ordinance which rendered one or both of the lots nonconforming and the landowner uses both of the lots in such a manner so as to integrate both lots into one tract, then the lots merge for purposes of zoning. *Township of Middletown v. Middletown Township Zoning Hearing Board*, 120 Pa.Cmwlth. 238, 548 A.2d 1297 (1988). In this case, there is no dispute that the Church intends to have one integrated parcel, and thus the lots should be treated as one tract for purposes of zoning.

■ The intended use of the combined parcels is one permitted by the Ordinance, and thus the variance sought by the Church is only dimensional. A dimensional variance is of lesser moment than a use variance, because a property owner seeking a dimensional variance asks only for a reasonable adjustment of the zoning regulations to accommodate use of the property in a manner consistent with the regulations. *Hertzberg*. When determining whether the necessary hardship has been established to justify a dimensional variance, "courts may consider multiple fac-

---

**2.** Under Section 910.2(a), a zoning hearing board may grant a variance provided that all of the following findings are made where relevant:

(1) That there are unique physical circumstances or conditions, including irregularity, narrowness, or shallowness of lot size or shape, or exceptional topographical or other physical conditions peculiar to the particular property and that the unnecessary hardship is due to such conditions and not the circumstances or conditions generally created by the provisions of the zoning ordinance in the neighborhood or district in which the property is located.

(2) That because of such physical circumstances or conditions, there is no possibility that the property can be developed in strict conformity with the provisions of the zoning ordinance and that the authorization of a variance is therefore necessary to enable the reasonable use of the property.

(3) That such unnecessary hardship has not been created by the appellant.

(4) That the variance, if authorized, will not alter the essential character of the neighborhood or district in which the property is located, nor substantially or permanently impair the appropriate use or development of adjacent property, nor be detrimental to the public welfare.

(5) That the variance, if authorized, will represent the minimum variance that will afford relief and will represent the least modification possible of the regulation in issue.

tors, including the economic detriment to the applicant if the variance was denied, the financial hardship created by any work necessary to bring the building into strict compliance with the zoning requirements and the characteristics of the surrounding neighborhood." *Id.*, 554 Pa. at 264, 721 A.2d at 50; *see also South Coventry Township Board of Supervisors v. Zoning Hearing Board of South Coventry Township*, 732 A.2d 12 (Pa.Cmwlth.1999) (discussing *Hertzberg*).

■ The Board determined that the Church demonstrated that the parking situation has become a serious hardship to its congregation and has prevented it from reasonable use of its property. The Church did not create the parking problem. Since the time when facilities on the Original Parcel were constructed, the surrounding neighborhood has changed causing the parking problem and creating unnecessary hardship for the Church. Appellant further contends that no evidence exists to establish that the requested variance represents the least possible modification required, because the Church did not present objective criteria to establish its need for 80 additional spaces rather than a lesser amount. To the contrary, the Church presented testimonial evidence that it requires more than 80 additional parking spaces, but that 80 spaces would alleviate the problem. The Board's findings regarding the unnecessary hardship are supported by the testimony in the record and the Court finds no abuse of discretion. *Gall.* Accordingly, the trial court's order is affirmed.

### ORDER

AND NOW, this 10th day of April, 2001, the order of the Court of Common Pleas of Montgomery County is hereby affirmed.

COLINS, Judge, Dissenting.

I must respectfully dissent from the fine opinion proffered by the majority.

While it is clear that the Church is entitled to some relief from the zoning ordinances, such that they may be allowed additional parking, the reduction of the buffer zone from fifty feet to five feet is draconian.

The surrounding landowners are having the value, use, and enjoyment of their properties altered radically with no showing of necessity. The five-feet buffer zone is illusory.

I would reverse the trial court.