IN THE COMMONWEALTH COURT OF PENNSYLVANIA

KNS Development, LP,                          :
                                             :
                    Appellant                :
                                             :
            v.                               : No. 672 C.D. 2020
                                             : Argued: December 8, 2020
Zoning Hearing Board of the                  :
Township of Loyalsock and                    :
Loyalsock Township                           :


BEFORE:   HONORABLE ANNE E. COVEY, Judge
          HONORABLE MICHAEL H. WOJCIK, Judge
          HONORABLE ELLEN CEISLER, Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY JUDGE WOJCIK                              FILED: July 14, 2021


            KNS Development (KNS) appeals from the June 15, 2020 order of the
Court of Common Pleas of Lycoming County (trial court) denying its land use
appeal from the decision of the Zoning Hearing Board (ZHB) of Loyalsock
Township (Township). Upon review, we affirm.


## I.    Background

            On March 25, 2019, the Township issued an excavation permit to KNS
for 2355 East Third Street (the Property) pursuant to the Township's zoning

ordinance (Ordinance).[1,2] Reproduced Record (R.R.) at 217a-21a. The permit provided that earthmoving activity was approved based upon an attached erosion and sedimentation control plan for Auto World. *Id.* The permit also provided that there was an 8-foot area, that was not to be excavated per the application submitted by KNS. On June 26, 2019, KNS corrected a typographical error regarding the slope of the excavation. *Id.* at 222a.

On August 14, 2019, the Township's zoning officer sent a notice of violation (Notice) to KNS. R.R. at 212a-13a. The Notice stated that upon inspection of the Property, the Township's engineer found that KNS had exceeded the permitted scope of work by over-excavating and, therefore, was in violation of Section 215-111 of the Ordinance.[3] *Id.* The Township's engineer's findings were

---

[1] Loyalsock Township Zoning Ordinance of 1994, §§215-1-112.

[2] Interestingly, KNS had begun excavation work on the Property prior to obtaining a permit. Reproduced Record (R.R.) at 117a-19a; 228a-33a. KNS only obtained a permit for the excavation after a Township official had emailed KNS. *Id.*

[3] Specifically, the Township's engineer found the following instances which exceeded the permitted scope of work:

> 1  Present excavation along the Western and Northern property lines on the [] Plan specifies an 8[-]foot minimum setback from property lines where excavation was specified to begin. [My] findings show cut and grading up to these property lines, which does not coincide with the approved [] Plan.

> 2.  Present excavation along the Eastern property line on the [] Plan specifies an un-dimensioned setback line where excavation was specified to begin. Our findings also show cut and grading up to these property lines, which does not coincide with the approved [] Plan.

**(Footnote continued on next page…)**

attached to the Notice. *Id.* at 225a-26a. The Notice directed KNS to submit new plans within 10 days of receipt, or the Township would revoke KNS's open zoning permit. *Id.* at 212a-13a.

Section 215-111 of the Ordinance provides that failure to secure a permit "previous to erection, addition, remodeling, alteration or use of any building, structure or land, or portion thereof . . . shall be a violation of this chapter." R.R. at 101a-02a. Section 215-111 also states the required contents for a notice of violation.[4]

---

3. As shown on my Asbuilt Plan, a portion of the cut slope on the Northern and Eastern lines extend beyond the property lines.

4. As shown on my Asbuilt Plan, all constructed cut slopes shown are in compliance with the 0.5:1 maximum slope shown on the approved [] Plan, except the one tying into the neighboring (proposed Bank) cut slope at the South end, which is approximately 02:1.

R.R. at 225a.

[4] Section 215-111(A) of the Ordinance provides:

A. Notice of Violation. The enforcement notice shall be sent to the owner of record of the parcel on which the violation has occurred, to any person who has filed a written request to receive enforcement notices regarding that parcel and to any other person requested, in writing, by the owners of record. The enforcement notice shall state at least the following:

1. The name of the owner of record and any other person against whom the municipality intends to take action.

2. The location of the property in violation.

3. The specific violation with a description of the requirements which have not been met, citing in each instance the applicable provisions of this chapter.

**(Footnote continued on next page…)**

3

KNS appealed the Notice to the ZHB. No further enforcement action was taken by the Township. On October 16, 2019, the ZHB held a hearing. R.R. at 105a-96a. At the hearing, KNS challenged the validity of the Notice and whether KNS was in violation of any provisions of the Ordinance. KNS challenged the Township's failure to cite a specific violation of the Ordinance in the Notice. KNS also argued that the Notice provided only 10 days to remedy the violations when the Ordinance provided 30 days. *Id.* at 153a; 190a.

On October 21, 2019, the ZHB denied KNS's appeal, and made the following relevant findings of fact:

> 21. The August 14, 2019 [Notice] gives fair notice to [KNS] of the substance of the violation . . . .
>
> 22. [KNS] presented no testimony indicating that the project was in fact in compliance with the setback and slope requirements as shown on the plan.

---

> 4. The date before which the steps for compliance must be commenced and the date before which steps must be completed.
>
> 5. That the recipient of the notice has the right to appeal to the [ZHB], provided that said appeal is made to [ the ZHB] within 30 days from the receipt of the written notice of violation in accordance with procedures set forth in this chapter.
>
> 6. That failure to comply with the written notice within 30 days from the receipt of the written notice violation, unless extended by appeal to the [ZHB], constitutes a violation, with possible sanctions clearly described.

R.R. at 101a-02a. The language of Section 215-111(A) mirrors Section 616.1(c) of the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended*, added by the Act of December 21, 1988, P.L. 1329, 53 P.S. §10616.1(c).

4

23. The [ZHB] finds that the project is not in compliance with the setback and slope requirements imposed by the permit that was issued.

R.R. at 242a.

Based on the foregoing findings, the ZHB concluded:

1. [KNS] failed to meet the burden of proof to establish that the [Notice] was improper.

2. Due process was afforded to all parties in these proceedings.

3. Notice was provided to all concerned, as required by the [Ordinance] and the [MPC].

4. [KNS] failed to meet the burden of proof to establish that the [Notice] was improper.

5. Therefore, the appeal should be denied.

R.R. at 242a-43a.

On November 20, 2019, KNS filed a land use appeal with the trial court arguing that the Notice was defective based on the lack of specificity of what sections of the Ordinance were allegedly violated, and the limited period of time in which KNS was given to comply. R.R. at 244a-49a. On May 1, 2020, while the land use appeal was pending before the trial court, KNS filed a motion for leave to supplement the record with newly obtained documents based on a Right-to-Know Law[5] request. That same day, KNS filed a memorandum of law in which it asserted that the ZHB erred by placing the burden of proof on KNS to show that the Notice was improper.

_____

[5] Act of February 14, 2008, P.L. 6, 65 P.S. §§67.101-67.3104.

5

On June 15, 2020, without taking additional evidence, the trial court disposed of the land use appeal and the motion for leave to supplement the record. R.R. at 446a-51a. Regarding the land use appeal, the trial court found that the Notice

> cited [S]ection 215-111 of the Ordinance, which details what constitutes a violation of [the] Ordinance's Zoning Chapter. Nothing in this [S]ection expressly states that breaching a permit constitutes a violation, nor are any of the specific violations for which [KNS] was cited, such as [KNS's] intrusion into the eight-foot setback, expressly listed as a violation within this [S]ection. However, as noted in the Brief filed jointly by the [ZHB] and the Township, the Pennsylvania Commonwealth Courts [sic] have recognized that "[a] violation of a condition imposed by the zoning board is the equivalent of a violation of the zoning ordinance."

> The [Notice] generally provides that [KNS] failed to follow its submitted excavation plans and went outside the scope of work sanctioned by the permit. The [Notice] incorporates by reference [the Township's engineer's] letter of August 12, 2019[.] The August 12 letter breaks down each alleged permit violation in detail. This letter was sent to [KNS] in conjunction with the [Notice]. The [c]ourt concludes that the [Notice], in citing the violation of the permit and in clearly detailing each permit violation in the incorporated August 12 [l]etter, satisfied the statutory requirement that the enforcement notice cite each applicable ordinance provision violated.

R.R. at 449a.

The trial court determined that KNS had more than 300 days to comply with the Notice because of the appeals that KNS had filed in the matter. R.R. at 450a. Therefore, the trial court, citing *Three Rivers Aluminum Company, Inc. v. Zoning Hearing Board of Marshall Township*, 618 A.3d 1165, 1168 (Pa. Cmwlth. 1992), and noting that KNS's challenge was procedural and not substantive, held that the ZHB was justified in determining that the Notice's failure to provide

6

sufficient time to remedy the violation was not a valid basis for setting aside the Notice. R.R. at 450a.

The trial court denied KNS's motion to supplement the record, finding that KNS had failed to adequately justify the relevance of the proffered evidence. R.R. at 448a. Lastly, the trial court found that KNS had waived the burden of proof issue that was raised in its memorandum of law because it failed to raise that claim in the land use appeal notice. *Id.* at 451a. KNS then filed the instant appeal to this Court.

## II. Discussion

On appeal, KNS argues that the Notice failed to satisfy the requirements of Section 616.1(c)(3) of the MPC, 53 P.S. §10616.1(c)(3), because the Notice failed to include a citation to the specific provisions of the Ordinance that KNS had allegedly violated. KNS also argues that the trial court erred by *sua sponte* raising the issue of the ZHB's shifting of the burden of proof to KNS, and then finding that KNS had waived that argument. Lastly, KNS contends that the ZHB erred when it shifted the burden to KNS to prove that the Notice was improper.

In a land use appeal where the trial court does not take additional evidence, our scope of review is limited to determining whether the ZHB committed an error of law or abuse of discretion. *Riverfront Development Group, LLC v. City of Harrisburg*, 109 A.3d 358, 363 n.8 (Pa. Cmwlth. 2015). A notice of violation must cite the specific ordinance section which the township alleges that the landowners have violated. *Township of Maidencreek v. Stutzman*, 642 A.2d 600, 602 (Pa. Cmwlth. 1994); Section 616.1(c) of the MPC, 53 P.S. §10616.1(c)(3).

7

The Notice in this case stated that the "reviewing engineer found that [KNS's] designed excavation plan was not followed, and [KNS] *went outside the scope of work that [it was] permitted for per the zoning permit. [KNS is] currently in violation of [Ordinance S]ection 215-111 for failing to follow the approved permit*." R.R. at 103a (emphasis added). The Notice also enclosed the Township's engineer's report.

Section 215-111 of the Zoning Ordinance provides:

Failure to comply with any provision of this chapter.

Failure to secure a zoning permit or a [ZHB] Certificate, when required, *previous to erection, addition, remodeling, alteration or use of any building, structure or land, or portion thereof, or prior to the change or extension of a nonconforming use, building or structure, shall be violation of this chapter.*

R.R. at 101a (emphasis added).

KNS asserts that the Notice fails to state a specific section of the Ordinance that was allegedly violated as required by Section 616.1(c)(3) of the MPC, and is therefore defective and unenforceable. KNS argues that Section 215-111 does not set forth any substantive zoning requirements, such as uses or setback requirements in any specific zoning district, and it does not state that the alleged permit violation is itself an Ordinance violation. We find no merit in this argument.

The plain language of Section 215-111 states that a failure to obtain a permit prior to the alteration of land is a violation of that Section. KNS had obtained a permit for excavation, but performed work outside the scope of the permit. Under the Ordinance, KNS was required to obtain a permit for the additional excavation work prior to performing it. Therefore, the ZHB and trial court correctly determined

8

the Notice's citation to Section 215-111 satisfied the statutory requirement that the enforcement notice cite the applicable ordinance provision that had been violated.

We are similarly unpersuaded by KNS's argument that the trial court *sua sponte* raised the issue of waiver. Section 1003-A(a) of the MPC provides that "[land] use appeals shall be entered as of course by the prothonotary or clerk upon the filing of a land use appeal notice *which concisely sets forth the grounds on which the appellant relies*." 53 P.S. §11003-A(a), added by Act of December 21, 1988, P.L. 1329 (emphasis added). Section 1002-A of the MPC requires that "[a]ll appeals from all land use decisions . . . shall be filed within 30 days after entry of the decision . . . ." 53 P.S. §11002-A, added by Act of December 21, 1988, P.L. 1329. As this Court has explained:

> [T]he grounds for appeal requirement of Section [1003-A(a)] plays a necessary role by winnowing the scope of a land use appeal. Allowing land use appellants the right to raise new issues after expiration of the appeal period would not only afford them a substantial advantage not currently provided by the [MPC] but would also expand litigation in an area already heavily burdened.

*Gall v. Zoning Hearing Board of Upper Milford Township*, 723 A.2d 758, 760 (Pa. Cmwlth. 1999) (citations omitted).

The ZHB decision from which KNS appealed was rendered on October 21, 2019. R.R. at 243a. KNS filed the notice of its land use appeal on November 20, 2019, within the 30-day appeal period. *Id.* at 244a-49a. However, KNS failed to raise the burden of proof issue in its notice of land use appeal. *Id.* KNS's May 1, 2020 memorandum of law raised the burden of proof issue for the first time. However, the memorandum of law was filed 163 days after the expiration of the 30-day appeal period. 53 P.S. §11002-A.

9

The trial court properly determined that the burden of proof issue was waived by KNS. *See Gall*, 723 A.2d at 760. The trial court did not do so *sua sponte* as KNS argues, but addressed the issue because KNS untimely raised the claim in the May 1, 2020 memorandum of law. Having determined KNS waived its burden of proof issue, we need not address the merits.

Accordingly, the order of the trial court is affirmed.

_____
MICHAEL H. WOJCIK, Judge

Judge Fizzano Cannon did not participate in the decision of this case.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| KNS Development, LP, | : | |
| | : | |
| Appellant | : | |
| | : | |
| v. | : | No. 672 C.D. 2020 |
| | : | |
| Zoning Hearing Board of the | : | |
| Township of Loyalsock and | : | |
| Loyalsock Township | : | |

# **O R D E R**

AND NOW, this 14th day of July, 2021, the order of the Court of Common Pleas of Lycoming County dated June 15, 2020, is AFFIRMED.

_____
MICHAEL H. WOJCIK, Judge