**Mary Kay THERRES, John Innelli and Holly Baker, (husband & wife), Thomas and Bunny Anderson, Joel and Cindy Beach, Wayne and Elizabeth Brown, Ralph Chieffo and Susan Maeder, (husband and wife), Appellants**

v.

**The ZONING HEARING BOARD OF the BOROUGH OF ROSE VALLEY.**

Commonwealth Court of Pennsylvania.

Argued March 10, 2008.
Decided April 4, 2008.
Reargument Denied June 2, 2008.

John F. Innelli, Philadelphia, for appellants.

Michael P. Dignazio, Media, for appellee, the Zoning Hearing Board of the Borough of Rose Valley.

Robert F. Pappano, Brookhaven, for appellee, Stone River Builders, Inc.

BEFORE: McGINLEY, Judge, and FRIEDMAN, Judge, and McCLOSKEY, Senior Judge.

OPINION BY Senior Judge McCLOSKEY.

Mary Kay Therres, John Innelli and Holly Baker (husband and wife), Thomas and Bunny Anderson, Joel and Cindy Beach, Wayne and Elizabeth Brown, Ralph Chieffo and Susan Maeder (husband and wife) (collectively referred to as Appellants) appeal from an order of the Court of Common Pleas of Delaware County (trial court), which: (1) denied Appellants' petition to strike a notice of intervention filed by Stone River Builders, Inc. (Stone River Builders); and (2) granted Stone River Builders' petition to quash Appellants' appeal of two orders of the Zoning Hearing Board of the Borough of Rose Valley (Zoning Hearing Board).

This matter relates to property which is known as Lot 13, Valley View Road, Rose Valley Borough, Delaware County, Penn-

sylvania (Lot 13). In December, 2005, Gailyn Thomas, then owner of both Lots 13 and 14 on Valley View Road, sold Lot 13 to Stone River Builders. Mrs. Thomas lived on Lot 14, and Lot 13 had been vacant since the homes on Valley View Road were erected pursuant to the "Valley View Plan" of 1939. A deed dated January 26, 2006, identifying Stone River Builders as the owner of Lot 13, was recorded in the Office of Recorder of Deeds of Delaware County on February 1, 2006.

On January 23, 2006, the Zoning Officer of the Borough of Rose Valley issued a building permit to Stone River Builders for the construction of a single-family dwelling on Lot 13. That same day, certain neighbors of Lot 13 appealed the issuance of the building permit to the Zoning Hearing Board. Stone River Builders then applied for a special exception for the construction of the single-family dwelling on Lot 13.

Both the application for special exception and the appeal from the decision granting the building permit were considered by the Zoning Hearing Board at a meeting held on April 4, 2006. The Zoning Hearing Board issued a decision dated May 17, 2006, which consisted of findings of fact, a discussion/conclusion and two orders. The first order approved the application of Stone River Builders for special exception. The second order denied the appeal of the neighbors from the issuance of the building permit by virtue of the Zoning Hearing Board's grant of the special exception.

Appellants filed a timely appeal of the Zoning Hearing Board's decision with the trial court. On July 7, 2006, Stone River Builders filed a notice of intervention and its counsel filed an entry of appearance. At the same time, Stone River Builders also filed a petition to quash Appellants' notice of appeal. Appellants then filed a petition to strike the notice of intervention on the basis that Stone River Builders lacked standing.

By order dated May 16, 2007, the trial court denied Appellants' petition to strike intervention and granted Stone River Builders' petition to quash Appellants' appeal on the basis that the notice of appeal was insufficient. Appellants then appealed the trial court's order to this Court.[1] Thereafter, the trial court issued an opinion in support of its order.

■ On appeal,[2] Appellants argue that the trial court erred in denying their petition to strike the notice of intervention of Stone River Builders because Stone River Builders is neither a landowner nor a tenant of Lot 13. Appellants also argue that the trial court erred in quashing their notice of appeal when it sufficiently complied with the Pennsylvania Municipalities Planning Code (the MPC), Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. § 10101–11202. Finally, Appellants argue that the Zoning Hearing Board abused its discretion by: (a) failing to require Stone River Builders to present whatever evidence it may have had to challenge the existence of a merger between Lot 13 and Lot 14; (b)

---

1. Appellants have mounted a separate challenge to the construction of the dwelling on Lot 13, which is pending in the trial court, on the grounds that the house itself is in violation of the deed restrictions and restrictive covenants that run with the land.

2. In general, this Court's review of a zoning appeal where the trial court takes no addi-

tional evidence is limited to determining whether the hearing zoning board committed an error of law or abuse of discretion. *Gall v. Zoning Hearing Board of Upper Milford Township*, 723 A.2d 758 (Pa.Cmwlth.), *petition for allowance of appeal denied*, 559 Pa. 682, 739 A.2d 545 (1999).

failing to give Appellants a fair hearing on the merger issue raised in their appeal of the issuance of the building permit; and (c) granting the special exception.

First, we will address Appellants' argument that the trial court erred in denying their petition to strike the notice of intervention of Stone River Builders because Stone River Builders is neither a landowner nor a tenant of Lot 13. The trial court, in dealing with this issue, stated that the Zoning Hearing Board expressly found that Stone Mountain Builders was the owner of the subject property and that Appellants did not challenge this finding as an error of law or an abuse of discretion in its notice of appeal. Accordingly, the trial court concluded that any objection to the finding was waived and the record established Stone River Builders as the owner of Lot 13. As the owner of the subject property, Stone River Builders was entitled to intervene pursuant to Section 1004–A of the MPC, added by the Act of December 21, 1988, P.L. 1339, 53 P.S. § 11004–A (2006).

■ In any civil action, the question of a party's standing is a threshold matter to be determined before ruling on the merits of any substantive motion. *Pittsburgh Palisades Park, LLC v. Commonwealth,* 585 Pa. 196, 888 A.2d 655 (2005). The MPC grants a right of intervention on land use appeals only to "any owner or tenant of property directly involved in the action." Section 1004–A of the MPC.

Appellants maintain that they asserted ample legal and factual claims throughout the proceedings to support an argument that Stone River Builders is not the rightful owner of Lot 13 as a result of the doctrine of merger. Appellants assert that Lot 13 merged into its neighboring lot, Lot 14, by operation of law as a result of amendments to the Rose Valley Zoning Ordinance (the Zoning Ordinance) in 1954.[3] Appellants further assert that, as a result of the merger, Stone River Builders cannot claim ownership of Lot 13 alone and it has no right to build or improve on that lot.

Appellants argue that the trial court erred in ruling on Stone River Builders' petition to quash Appellants' appeal, because it should have considered, as a threshold matter, whether Stone River Builders had standing to file the petition to quash. Appellants take the position that because Lot 13 merged into Lot 14 in 1954 (and no longer exists as a distinct parcel of land), Stone River Builders was not the rightful owner of Lot 13 and did not have standing to intervene. Appellants contend that the trial court should have considered this argument before it considered the arguments presented in the petition to quash.

---

3. Appellants argue that, in general, a merger of two lots takes place when a change in a zoning ordinance operates to make one of two adjacent properties nonconforming. *See In re Gregor,* 156 Pa.Cmwlth. 418, 627 A.2d 308 (1993). With regard to the doctrine of merger, we have explained as follows:

[W]here a landowner ... has brought into common ownership two adjoining parcels of land prior to the enactment of a zoning ordinance which makes the parcel(s) nonconforming, the landowner bears the burden of proving that he or his predecessors intended to keep the parcels 'separate and distinct' and not make them part of one integrated tract. The proof required by the landowner(s) to show that he, or they, intended to keep the parcels separate and distinct from one another must be grounded upon some overt, unequivocal, physical manifestation of this intent, and not be based solely on the landowner's subjective statements regarding intent.

*Township of Middletown v. Middletown Township Zoning Hearing Board,* 120 Pa.Cmwlth. 238, 548 A.2d 1297, 1299–1300 (1988), *petition for allowance of appeal denied,* 522 Pa. 599, 562 A.2d 322 (1989) (citations omitted).

The Zoning Hearing Board contends that the physical merger of lots in zoning law restricts the use of the parcel, not its ownership, and that it is ownership which decides the right to intervene. The Zoning Hearing Board also contends that while the MPC fails to provide a definition for "owner," the commonly understood primary meaning of the word as applied to land is one who owns the fee and who has the right to dispose of the property. Stone River Builders is the record title owner of Lot 13, as established by the deed filed in the Office of Recorder of Deeds for Delaware County.

Stone River Builders offers yet another position as to this argument. It contends that there has been no merger of Lots 13 and 14 since both lots are conforming to the Zoning Code. It states that Appellants are *correct* that a merger takes place when a zoning ordinance operates to make one of two adjacent lots non-conforming. However, Appellants failed to show before the Zoning Hearing Board or anywhere else that either Lot 13 or 14 is non-conforming. The lots are specifically designated on a plan which shows them as two separate and distinct lots. No changes were made to the dimensions of either lot. Further, Stone River Builders states that Appellants have cited no case law or statutory authority which would prevent a person from becoming an owner of a non-conforming lot if it was found that Lot 13 was non-conforming. Finally, Stone River Builders notes that the deed passing ownership to Stone River Builders was offered and admitted into evidence at the hearing before the trial court without objection by Appellants and that Appellants never objected to it being a party in the proceedings before the Zoning Hearing Board.

Section 1004–A of the MPC affords the owner of property the right to intervene in a land use appeal. However, the MPC does not define the term "owner." Pursuant to the law of statutory construction, any word or phrase, not otherwise defined, must be construed according to rules of grammar and according to common and approved usage. 1 Pa.C.S. § 1903. Courts of Pennsylvania generally use dictionaries as source material to determine the common and approved usage of terms not defined in statutes. *Philadelphia Eagles Football Club, Inc., v. City of Philadelphia,* 573 Pa. 189, 823 A.2d 108 (2003).

■ Appellants essentially ask this Court to abandon the commonly accepted definition of owner and ignore the fact that Stone River Builders purchased the property and is the record owner of the property. Instead, Appellants request that we engage in a legal and factual analysis of the Valley View Plan of 1939, the 1939 amendments to the Zoning Ordinance, the 1954 amendments to the Zoning Ordinance and the use of the property by previous owners in order to determine whether the legal doctrine of merger should somehow operate to divest Stone River Builders of their ownership interest in Lot 13. In so doing, Appellants essentially argue that the Court must consider additional evidence of use of the property and address the merits of the merger arguments advanced before the Zoning Hearing Board in order to determine whether Stone River Builders is an "owner" and has standing. Such an approach is inconsistent with the law of statutory construction that guides us to first consider the common and approved usage of the word "owner."

The word owner may be defined as one who has the right to possess, use and convey something. Blacks Law Dictionary 1137 (8th ed. 2004). Blacks Law Dictionary also defines several types of owners. For instance, a beneficial owner or equitable owner is defined as one recognized in equity as the owner of something because

use and title belong to the person, even though legal title may belong to someone else. *Id.* A legal owner is defined as an owner recognized by law as the owner of something, especially one who holds legal title to the property for the benefit of another. *Id.* at 1138. Additionally, a record owner is defined as a property owner in whose name the title appears in the public records. *Id.*

A common theme can be identified in the definitions of various types of owners in that the concept of ownership generally involves the "right to use or possess" the property and some type of recorded "title" to the property. In the case at hand, Stone River Builders is the party in possession and use of Lot 13. Also, Stone River Builders has title to Lot 13 in that it is the record owner of the property, as evidenced by the deed filed with the Office of Recorder of Deeds of Delaware County. Given the facts of the case at hand, these aspects of ownership are sufficient to allow us to conclude that Stone River Builders is an "owner" for purposes of intervention under Section 1004–A of the MPC.[4] For that reason, we affirm on alternate grounds the trial court's denial of Appellants' petition to strike intervention.

■ Second, we will address Appellants' argument that the trial court erred in granting the petition to quash filed by Stone River Builders. The procedure for filing land use appeals is set forth at Section 1003–A(a) of the MPC, added by the Act of December 21, 1988, P.L. 1329, 53 P.S. § 11003–A(a), which reads, in pertinent part, as follows:

Land use appeals shall be entered as of course by the prothonotary or clerk upon filing of a land use appeal notice which concisely sets forth the grounds on which the appellant relies . . .

(Emphasis added).

In interpreting this requirement, our Court has held that an indispensable element of an assertion of grounds for a legal action is an allegation of facts that form the basis of a claim. *Great Valley School District v. Zoning Hearing Board of East Whiteland Township,* 863 A.2d 74 (Pa. Cmwlth.2004), *petition for allowance of appeal denied,* 583 Pa. 675, 876 A.2d 398 (2005); *Perin v. Board of Supervisors of Washington Township,* 128 Pa.Cmwlth. 313, 563 A.2d 576 (1989).

The record establishes that Appellants' notice of appeal provided as follows:

To the Prothonotary:

Notice is given that [Appellants] appeal from the Orders of the Zoning Hearing Board of Rose Valley dated May 17, 2006 which approved an application of Stone River Builders, Inc., for a special exception and which denied the Appellants' appeal of the [sic] from the issuance of the building permit dated January 23, 2006 for Lot 13, Valley View Road. A copy of the Orders and the accompanying Memorandum is attached.

A jury is demanded.

The trial court, citing our decision in *Summit Township Board of Supervisors v. Summit Township Zoning Hearing Board,* 132 Pa.Cmwlth. 8, 571 A.2d 560 (1990), stated that while the Commonwealth Court has held that a notice of land use appeal which incorporates by reference a zoning hearing board's findings and conclusions and asserts that the same were not supported by record evidence and

---

4. Such a determination, in and of itself, would not preclude Appellants from arguing that the doctrine of merger prohibits Stone River Builders from developing Lot 13 as proposed, if this Court were to determine that the trial court erred in quashing Appellants' appeal as to the merits.

were erroneous as a matter of law was sufficient to satisfy the specificity requirements of Section 1003–A of the MPC, a notice which lacks even such minimal specificity is subject to being quashed.

With respect to the grant of the petition of Stone River Builders to quash Appellant's appeal, the trial court explained that:

> [T]he notice of appeal alleges no facts whatsoever that form the basis of Appellants' appeal. Likewise, no assertion is made that the findings of the Zoning Hearing Board are unsupported by substantial evidence or that the Board committed an error of law. In fact, the notice states no basis whatsoever, either factual or legal, for the appeal. In view of the nature of Appellants' notice of appeal, this Court had no reasonable alternative but to grant [the] Petition to Quash if the requirements of Section 1003–A of the Municipalities Planning Code and the aforementioned holdings of the Commonwealth Court [5] were to be respected and applied.

(Trial court opinion at pp. 4–5, attached to Appellants' brief).

Appellants essentially argue that the notice of appeal was sufficient under the MPC and our opinion in *Summit Township*. Appellants interpret *Summit Township* as holding that the failure of an appellant to concisely state the grounds on which they rely can be overcome by incorporating by reference the findings and conclusions of the Zoning Hearing Board, which Appellants in this case did. Appellants take the position that it is "illogical to suggest" that they would need to state that they believed the Zoning Hearing Board committed an error of law or that their findings were unsupported by sufficient evidence, because the filing of an appeal implies exactly that. Appellants maintain that the Commonwealth Court has consistently held that the factual bases of the appeal must be identified in the notice, and that their incorporation of the Zoning Hearing Board's findings of fact into the notice of appeal is sufficient to meet this standard.

The Zoning Hearing Board counters that Appellants are asking this Court to extend the holding of *Summit Township* beyond all recognition. Appellants do not make even a minimal attempt to allege any claim of error. Moreover, if the act of merely attaching the findings of facts and conclusions of the Zoning Hearing Board to a notice of appeal were held to be sufficient, then all zoning appeals could be taken in that manner without ever alleging grounds for error whatsoever.

Stone River Builders similarly argues that our opinion in *Summit Township* does not support the position advanced by Appellants. In *Summit Township*, the notice of appeal incorporated by reference the zoning hearing board's findings and conclusions and asserted that they were not supported by record evidence and were erroneous as a matter of law. The appeal filed in this case does not even make the broad assertion that the decision was not supported by record evidence or was erroneous as a matter of law. Also, this Court in *Summit Township* cited *Hill v. Lower Saucon Township Zoning Hearing Board,* 72 Pa.Cmwlth. 381, 456 A.2d 667, 668 (1983), for the proposition that "where a notice of appeal fails to specify any grounds for the appeal, a dismissal of the appeal is warranted."

We must conclude that the trial court properly quashed Appellants' appeal.

---

5. The holdings of this Court to which the trial court referred were *Great Valley School District, Perin* and *Summit Township*.

Some minimal identification of issues on appeal is required. Here, there was no attempt to identify any issues on appeal. To hold otherwise would result in this Court failing to give *any* effect to the statutory language of Section 1003–A(a) of the MPC, requiring a "land use appeal notice which concisely sets forth the grounds on which the appellant relies."

Finally, having affirmed the trial court's determination that the appeal is quashed, we need not address Appellants' remaining arguments that the Zoning Hearing Board abused its discretion by: (a) failing to require Stone River Builders to present whatever evidence it may have had to challenge the existence of a merger between Lot 13 and Lot 14; (b) failing to give Appellants a fair hearing on the merger issue raised in their appeal of the issuance of the building permit; and (c) granting the special exception.[6]

Accordingly, we must affirm the order of the trial court.

## ORDER

AND NOW, this 4th day of April, 2008, the order of the Court of Common Pleas of Delaware County is hereby affirmed.

Reargument Denied June 2, 2008.

---

[6]. We note that had we reversed the trial court's order quashing the appeal, the appropriate remedy would have been to remand the matter to the trial court for consideration of the merits. The arguments as to whether the Zoning Hearing Board abused its discretion go to the merits of the underlying appeal, and they have not yet been addressed by the trial court. Therefore, even if this Court had reversed the trial court's order quashing the appeal, these arguments relating to the merits of the underlying appeal would not have been appropriately before this Court at this time.