# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Donald E. Haviland Jr., : 
George Vlahos and Donald : 
Leatherwood, : 
                 Appellants : No. 615 C.D. 2018
                                :         616 C.D. 2018
           v. : Submitted: April 9, 2019
                                : 
Whitemarsh Township : 
Zoning Hearing Board : 

BEFORE:    HONORABLE ROBERT SIMPSON, Judge
                   HONORABLE PATRICIA A. McCULLOUGH, Judge
                   HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION**
**BY JUDGE SIMPSON**                  **FILED: May 6, 2019**

         Donald E. Haviland, Jr. (Haviland), George Vlahos and Donald Leatherwood (collectively, Objectors) appeal from two orders of the Court of Common Pleas of Montgomery County[1] (trial court) granting motions by the Whitemarsh Township (Township) Zoning Hearing Board (ZHB) and Pat Sparango, Inc. (Developer) to quash Objectors' notice of appeal from the ZHB's order granting Developer certain special exceptions and variances to build a single-family home. The trial court determined that Objector Haviland's notice of appeal, and Objectors' amended notice of appeal, although timely filed, failed to state any grounds for the basis of the appeal, as required by Section 1003-A(a) of the

---

[1] The Honorable Thomas M. Del Ricci, President Judge, presided.

Pennsylvania Municipalities Planning Code (MPC).[2]  Although Objectors filed a second amended notice of appeal more than 60 days after the date of the ZHB's order, the trial court quashed it as untimely.  Upon review, we affirm.

## I. Background

On November 2, 2017, the ZHB issued a decision and order granting Developer certain special exceptions and variances to construct a single-family home and accessory improvements on property located at 318 Whitemarsh Road in the Township.  See Reproduced Record (R.R.) at 39a-57a.  The subject property lies within the Township's AAA-Residential, Riparian Corridor Conservation and Floodplain Conservation Overlay Districts.  It is prone to flooding from nearby Wissahickon Creek and Needle Run, a tributary.  Objectors are neighboring property owners who entered their appearances as parties in the ZHB proceeding.

On December 1, 2017, 28 days after the ZHB issued its decision and order, Objector Haviland filed a notice of land use appeal.  The notice stated "[Objector Haviland] hereby appeals from the November 2, 2017 decision of the [ZHB], a copy of which is attached hereto as 'Exhibit A.'" R.R. at 59a.

On December 4, 2017, the Monday following the 30th day of the appeal period (which fell on the weekend), Objectors jointly filed an amended

_____

[2] Act of July 31, 1968, P.L. 805, as amended, added by the Act of December 21, 1988, P.L. 1329, 53 P.S. §11003-A(a).

2

notice of appeal.[3]   The notice stated: "[Objectors] hereby appeal from the November 2, 2017 decision of the [ZHB], a copy of which is attached hereto as 'Exhibit A.'" R.R. at 59a.

On January 2, 2018, the ZHB filed a motion to quash alleging Objectors' notices of appeal should be quashed and dismissed with prejudice because Objectors' notices failed to set forth any of the grounds for the appeal as required by Section 1003-A(a) of the MPC, which provides:

> Land use appeals shall be entered as of course by the prothonotary or clerk upon the filing of a land use appeal notice <u>which concisely sets forth the grounds on which the appellant relies</u>.   The appeal notice need not be verified.   The land use appeal notice shall be accompanied by a true copy thereof.

53 P.S. §11003-A(a) (emphasis added).

Three days later, on January 5, 2018, Objectors filed a second amended notice of appeal.  In this notice, Objectors set forth in detail their grounds for appeal.  <u>See</u> R.R. at 77a-85a.  Two weeks later, Developer joined in the ZHB's motion to quash and filed its own motion to quash.

_____

[3] Notably, Objectors Leatherwood and Vlahos did not file their own initial appeals or seek permission to intervene in Objector Haviland's appeal.

3

In March 2018, the trial court issued two orders granting the respective motions to quash filed by the ZHB and Developer. Objectors timely appealed to this Court.

In May 2018, the trial court filed an opinion in support of its orders. The trial court explained that an appellant must comply with the requirements of Section 1003-A(a) of the MPC. More specifically, the trial court noted that some identification of the issues asserted on appeal must be included in the notice of appeal. Therres v. Zoning Hearing Bd. of the Borough of Rose Valley, 947 A.2d 226 (Pa. Cmwlth. 2008). Where there is no attempt to identify any issues on appeal, the notice of appeal must be dismissed. Id. To hold otherwise would result in this Court failing to give any effect to the language in Section 1003-A(a) of the MPC, which requires that notice in a land use appeal concisely set forth the grounds on which the appellant relies. Id.

The trial court also cited Hill v. Lower Saucon Township Zoning Hearing Board, 456 A.2d 667 (Pa. Cmwlth. 1983), where this Court affirmed a trial court's dismissal of an appeal from a zoning hearing board because the notice of appeal did not set forth any of the grounds for the appeal as required by former Section 1008(1) of the MPC, formerly, 53 P.S. §11008(1), the predecessor to current Section 1003-A(a) of the MPC, which contains essentially the same language.[4] The trial court further cited our decision in Gall v. Zoning Hearing

---

[4] The only difference between former Section 1008(1) of the MPC and current Section 1003-A(a) is that the term "zoning appeal" has been changed to "land use appeal". See Summit Twp. Bd. of Supervisors v. Summit Twp. Zoning Hearing Bd., 571 A.2d 560, 561 n.1. (Pa. Cmwlth. 1990).

4

Board of Upper Milford Township, 723 A.2d 758 (Pa. Cmwlth. 1999), where this Court held that the objectors' failure to specify any grounds for appeal in their notice of land use appeal, standing alone, warranted dismissal of the appeal.

In Gall, this Court also rejected the appellant's argument that the trial court erred in quashing the appeal because the failure to specify the grounds for appeal in the notice of appeal did not prejudice the zoning hearing board. In Gall, the appellants relied on our decision in Rigby v. Board of Supervisors of Unity Township, 635 A.2d 725 (Pa. Cmwlth. 1993), where we determined that an appellant's failure to timely serve a copy of the notice of appeal on the property owner in violation of Section 1003-A(c) of the MPC, 53 P.S. §11003A-(c), was a technical deficiency that did not prejudice the property owner. In distinguishing Rigby, we stated (with emphasis added):

> Thus this Court has historically upheld more stringent enforcement of the requirements of Section 1003-A(a) than the notice requirement of Section 1003-A(c). Such disparity is supported by the language of Section 1003-A(c) which expressly provides for *nunc pro tunc* service where the appellant makes a good faith mistake as to the owner's identity. Also, the brief one-week period for compliance with Section 1003-A(c) militates against stringent enforcement of that subsection. Section 1003-A(a) contains no ameliorating language and permits thirty days for compliance. Because Rigby is premised on a rule of law specific to Section 1003-A(c), it does not support the broad proposition advanced by [appellant] nor affect the well-settled rule that failure to specify grounds for appeal in a land use appeal notice, standing alone, warrants dismissal.

Gall, 723 A.2d at 760. In Gall, we also cited Perin v. Board of Supervisors of Washington Township, 563 A.2d 576 (Pa. Cmwlth. 1989), where this Court held

5

that the appellants had no right to supplement their original notice of appeal after the time for filing a notice of appeal expired.

The trial court also reviewed the cases Objectors cited in their second amended notice of appeal. In so doing, the trial court observed the cases Objectors cited did not address the requirements for a land use appeal in Sections 1001-A– 1003-A of the MPC, 53 P.S. §§11001-A-11003-A.[5] Tr. Ct., Slip. Op., 5/22/18, at 6-7.

Summarizing, the trial court determined that Objectors' second amended notice of appeal, the only notice of appeal to set forth grounds for Objectors' appeal, was untimely filed more than 30 days after the expiration of the 30-day appeal period. Id. at 8. In dismissing Objectors' appeal, the trial court recognized that untimely appeals are not permitted. Monger v. Upper Leacock Twp., 132 A.3d 585 (Pa. Cmwlth. 2016). Accordingly, the trial court granted the ZHB's and Developer's respective motions to quash.

**II. Discussion**

On appeal here,[6] Objectors raise several related issues for our review. They contend the trial court erred in refusing to grant Objectors' request for relief

---

[5] Act of July 31, 1968, P.L. 805, as amended, added by the Act of December 21, 1988, P.L. 1329, 53 P.S. §§11001-A --11003-A.

[6] Our review of a trial court's order granting a motion to quash an appeal is limited to determining whether the trial court committed an error of law, an abuse of discretion or a violation of constitutional rights. Alma v. Monroe Cty. Bd. of Assessment Appeals, 83 A.3d 1121 (Pa. Cmwlth. 2014).

from the requirements of Section 1003-A of the MPC, considering that Objectors filed a second amended notice of appeal just three days after the ZHB filed its motion to quash. The second amended notice of appeal, filed 14 days before Developer filed its motion to quash, set forth detailed grounds for the appeal, thereby curing any technical violation of the rule. In addition, Objectors maintain the trial court abused its discretion by proceeding without a hearing on the appellees' motions to quash without first determining whether the second amended notice of appeal would be permitted to clarify and cure their appeal. Objectors further assert the trial court's strict application of Section 1003-A(a) of the MPC, without any consideration of leniency, denied them procedural and substantive due process.

Objectors also allege the trial court erred in failing to consider the merits of Objectors' appeal, which should have been considered in conjunction with the trial court's determination as to whether the second amended notice of appeal would be permitted to cure the defect in the original notice of appeal. Our review of the trial court's opinion does not indicate that the trial court in any way addressed the merits of Objectors' appeal. Rather, the trial court merely observed that the cases Objectors cited in their second amended notice of appeal did not address the requirements for a land use appeal in Sections 1001-A–1003-A of the MPC, 53 P.S. §§11001-A–11003-A.

Based on a careful review of the record and applicable case law, we conclude that the issues Objectors now raise were ably addressed and correctly disposed of in the opinion of President Judge Thomas M. Del Ricci in Appeal of

7

<u>Donald E. Haviland, Jr., Donald Leatherwood and William H. Platt, II, Appellants</u> <u>v. Whitemarsh Township Zoning Board and Intervenors Pat Sparango, Inc., and Whitemarsh Township</u>, (Montgomery County C.P., No. 2017-28033, filed May 22, 2018). Accordingly, we affirm on the basis of the trial court's opinion.


                                      _____

                                      ROBERT SIMPSON, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Donald E. Haviland Jr.,    :
George Vlahos and Donald    :
Leatherwood,    :
        Appellants    :   No. 615 C.D. 2018
                         :      616 C.D. 2018
        v.    :
    :
Whitemarsh Township    :
Zoning Hearing Board    :

# **O R D E R**

**AND NOW**, this 6th day of May, 2019, the orders of the Court of Common Pleas of Montgomery County are **AFFIRMED**.

 

                                          _____
                                          ROBERT SIMPSON, Judge