# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

John Marshall and Dara Gans-Marshall, :
                             Appellants       :
                                       :
         v.                         :     No. 394 C.D. 2022
                                       :     Argued:  June 5, 2023
East Bradford Township Board of    :
Supervisors and Daniel Soland and   :
Dorothy Soland                  :


BEFORE:   HONORABLE RENÉE COHN JUBELIRER, President Judge
                 HONORABLE ELLEN CEISLER, Judge
                 HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


## OPINION NOT REPORTED

**MEMORANDUM OPINION BY
SENIOR JUDGE LEADBETTER**[1]              **FILED:  April 8, 2024**


     John Marshall and Dara Gans-Marshall appeal from the March 24, 2022 order of the Chester County Court of Common Pleas affirming a decision by the Board of Supervisors of East Bradford Township (Board), which denied the Marshalls' conditional use application requesting approval for a bed and breakfast (B&B) estate pursuant to Section 115-48.2 of the Township Zoning Ordinance.[2]  The trial court held that the Marshalls failed to comply with requirements necessary to operate a B&B estate as a conditional use.  We reverse and remand.

---

[1] This case was reassigned to the author on July 31, 2023.

[2] East Bradford Township, Pa., Ordinance § 115-48.2 (Oct. 11, 2016).

**Background**

The Marshalls own a 10.96-acre parcel of land located in the Township's R-2 Residential District. Several historic structures are located on the property, including a residential home commonly referred to as the Paxson House, a barn that predates the Paxson House (Barn), and a tenant house (Tenant House). In March 2018, the Marshalls submitted their conditional use application for the purpose of establishing a B&B estate.

In 2018, the Board held six hearings on the application. Dorothy and Daniel Soland, neighboring property owners, were granted party status.[3] John Marshall testified on behalf of the application and the Marshalls also presented the testimony of Denny Howell, a civil engineer who assisted the Marshalls in evaluating the property for any potential negative impact the proposed B&B estate would have on the surrounding community.

Mr. Marshall testified that the Marshalls plan to host weddings, graduation parties, and other events at the proposed B&B estate. Because they considered the Paxson House too small to accommodate a B&B estate, the Marshalls wished to locate guest rooms in the Tenant House[4] and reserve the Paxson House for private use by their family. The Marshalls understood that, because the property is listed as a Class I historic property on the Township's Historic Resources Map, the entire parcel was a Class I historic resource, and every structure on the property could be

---

[3] Dorothy Soland and several of the Marshalls' neighbors testified to express their concerns about the proposed B&B estate. Several other neighbors spoke during the public comment portion of each hearing. The Solands also presented the testimony of a realtor, Daniel Robins, who addressed the proposed B&B estate's potential impact on neighboring property values. Because their testimony is not relevant to the instant appeal, we will not summarize it herein.

[4] The Paxson House has four bedrooms. June 12, 2018 Hearing, Notes of Testimony (N.T.) at 49; Reproduced Record (R.R.) at 266a. Section 115-48.2(B) of the Ordinance requires that a B&B estate consist of at least four bedrooms. Ordinance § 115-48.2(B).

utilized for the proposed B&B estate. Mr. Marshall conceded, however, that the Tenant House itself had not been "deemed a Class I historic resource[.]" June 12, 2018 Hearing, Notes of Testimony (N.T.) at 76; Reproduced Record (R.R.) at 293a. In anticipation of using the Tenant House for the proposed B&B estate's guest rooms, the Marshalls intended to add several restrooms to that structure, which has its own septic system. These restrooms would be "self-contained[,]" however, and not require an expansion of the existing septic system. *Id*. at 21; R.R. at 288a. Mr. Marshall indicated that portable toilets would be made available for larger events, if a concern existed that an event taking place would "tax" the existing septic system. August 16, 2018 Hearing, N.T. at 262; R.R. at 373a. The Marshalls used the square footage of the Barn to calculate the common area of the proposed B&B estate. They agreed that the Barn was not a dwelling, although the Marshalls held events in the Barn and had used it to store their personal belongings.

Mr. Howell testified that noise generated by the proposed B&B estate would be no different than "a regular house where people are arriving and leaving." *Id.* at 215; R.R. at 326a. Mr. Howell conceded that he was not an acoustic engineer and that he did not measure noise levels on the property. Mr. Howell's primary consideration was whether the proposed B&B estate would generate any sound that would violate the Township's noise ordinance, particularly given that music would not be amplified, and the surrounding vegetation would help reduce noise levels.

Mr. Howell could not provide specifics regarding a landscaping plan that would obscure the view of events taking place at the proposed B&B, and the view of parked vehicles and portable toilets, and he acknowledged that one had not been prepared. Although Mr. Howell and the Marshalls were "focused on trying to stay behind existing vegetation," he agreed that "some supplemental landscaping" was

3

necessary, and the goal of a landscaping plan would "buffer views [and not] completely and totally encapsulate" the proposed B&B estate. *Id.* at 271-72; R.R. at 382a-83a.

The Marshalls' parking plan would accommodate parking for the Marshalls, guests staying on-site or attending an event at the proposed B&B estate, and the proposed B&B estate's employees. At a subsequent hearing held in November 2018, Mr. Howell advised that the Marshalls agreed to add supplemental landscaping to the parking plan. Mr. Howell conceded that the Marshalls' plan did not designate parking deemed compliant with the provisions of the Americans with Disabilities Act (ADA).[5] Mr. Howell expressed concern that adding ADA parking would require the further addition of an ADA-accessible route from the parking area to the B&B estate. He suggested that valet parking could work as a substitute for ADA parking, but he preferred to address that issue once the application had been approved.

Mr. Howell stated that the results of a soil percolation test (perc test) conducted by the Chester County Health Department indicated that the area was adequate to accommodate improvements to the existing septic system if needed, and the existing system is adequate to service the bathrooms in the Tenant House. He acknowledged that the existing septic system that services the Tenant House is located within the property's open space. Larger events taking place on the proposed B&B estate would use portable toilets located in a small trailer brought in for the event.

### Board Decision

The Board denied the application in January 2019, after concluding that the Marshalls failed to demonstrate compliance with all the requirements of Section

---

[5] 42 U.S.C. §§ 12101-12213.

4

115-48.2 of the Ordinance. The Board observed that the proposed B&B estate could only utilize owner-occupied Class I historic resources. The Barn, while a Class I historic resource, was not owner-occupied. The Board instead characterized the Barn as an accessory structure that could not be utilized for the proposed B&B estate. As a result, the proposed B&B estate's common area could not be based on the Barn's square footage. Because the Marshalls intended to use the Paxson House solely as a private residence, the property had no other structures that were eligible to house the proposed B&B estate.

The Board also expressed concern regarding expansion of the existing septic system, which would impermissibly encroach on the property's restricted open space, in violation of Section 115-49(F)(5) of the Ordinance.[6] Additionally, the Board found that the Marshalls failed to demonstrate that they would comply with the noise restrictions in the Ordinance, the Marshalls had not provided the structural engineering report required by Section 115-48.2(P) of the Ordinance, and issues related to ADA parking and landscaping had not been resolved.

## Trial and Commonwealth Court Appeals

The Marshalls appealed to the trial court, arguing, in relevant part, that the Board erred in finding that the septic system was not permitted in the property's open space. The Marshalls relied on a September 1997 decision by the Board that explicitly permitted the previous owner, John Drury, to locate the septic system in the open space (Drury Decision). The Marshalls also argued that the Board erroneously imposed provisions of the Ordinance that did not apply to a B&B estate.

---

[6] Section 115-49(C)(2)(b) of the Ordinance mandates that the open space required for property located in the R-2 Residential District is 50% of the total tract area. Ordinance § 115-49(C)(2)(b). Pursuant to Section 115-49(F)(5), any area containing a septic system does not contribute to a property's open space requirements. Ordinance § 115-49(F)(5).

For instance, the Marshalls contended that the noise restrictions in Section 115-60 of the Ordinance applied to noxious and toxic uses, not a B&B estate. Furthermore, the Marshalls contended that they agreed to comply with any applicable noise ordinance, which is all that is required at the conditional use application stage. Finally, the Marshalls argued that the Board erred in denying the application based on details such as ADA parking, the location of which the Board could have made a condition of its approval.

The trial court heard oral argument but did not take any additional evidence. In its December 2019 order and opinion, the trial court agreed with the Board that the Marshalls could not use the Barn in calculating the proposed B&B estate's common area, as it was an accessory structure that was not owner-occupied. The Paxson House represented the only dwelling on the property and no space within that structure was devoted to a common area of the B&B estate. Accordingly, the trial court affirmed the Board.

The Marshalls appealed to this Court, which reversed in *Marshall v. East Bradford Township Board of Supervisors* (Pa. Cmwlth., No. 102 C.D. 2020, filed Feb. 17, 2021) ("*Marshall I*"), after concluding that the Marshalls' use of the Barn to store their personal belongings and to host events satisfied the occupancy requirement in Section 115-48.2(A) of the Ordinance. As the Barn was a Class I historic resource and owner-occupied, its square footage could be used to calculate the proposed B&B's common area. We recognized, however, that the Tenant House had not been designated a Class I historic resource, and the Marshalls would have to obtain a variance to utilize that structure for the proposed B&B estate's guest rooms. Therefore, we remanded the matter to the trial court to review the remaining issues raised in the Marshalls' land use appeal.

6

**Remand Opinion**

Following remand, the trial court reversed the Board's findings with respect to the calculation of the proposed B&B estate's common area and noise.[7] Nonetheless, the trial court found that because the Tenant House was not an owner-occupied Class I historic resource, the Marshalls' plan to use it for the B&B guest rooms was prohibited. The court noted that in a separate but related proceeding, the trial court had reversed the Township's zoning hearing board's (ZHB) grant of a variance to use the Tenant House for that purpose. Regarding the septic system, the trial court held that an expansion would improperly encroach on the property's open space. It reasoned that the Drury Decision applied only to the existing septic system, not to an expansion or replacement thereof. Finally, the trial court held that the Board did not err in rejecting the Marshalls' parking and landscaping plans, as Mr. Howell acknowledged that the existing plans had not been finalized and further details could be added to the plan, including accommodation of ADA parking requirements. Accordingly, the trial court denied the Marshalls' appeal and affirmed the Board's order denying the application.

In a subsequent opinion filed pursuant to Rule 1925(a) of the Pennsylvania Rules of Appellate Procedure (1925(a) opinion), Pa.R.A.P. 1925(a), the trial court suggested that several issues were waived, as the Marshalls either raised them for the first time in their Concise Statement of Errors Complained of on Appeal or they failed to provide the specificity required for appellate review. From that decision, the Marshalls filed the appeal that is now before this Court.

---

[7] As to the common area requirement, the trial court acknowledged this Court's holding in *Marshall I* that the Barn's square footage could be used to calculate the common area available for the proposed B&B. The trial court further found that the noise provision had no measurable standard and, at all events, since the Marshalls had agreed to comply with all applicable sound requirements, the Board's finding was premature. These holdings are not at issue here.

## Discussion

Initially, we note that a conditional use is a permitted use that is conditioned upon compliance with the specific requirements set forth in the zoning ordinance. *In re Thompson*, 896 A.2d 659, 670 (Pa. Cmwlth. 2006). Once those criteria are met, the application must be granted unless objectors to the application present sufficient evidence that the proposed use has a detrimental effect on the public health, safety, and welfare. The conditional use provision at issue here, Section 115-48.2 of the Ordinance, is a jumble of specific concrete requirements prerequisite to allowance of the use proposed, ongoing operational requirements attendant to that use, and details which must be met before issuance of a use and occupancy permit. *See* Section 115-48.2(X) of the Ordinance. It is only the first category of requirements that must be shown before the use itself must be approved. The remaining restrictions must, of course, be complied with, but their review and enforcement comes later.

The first such requirement addressed by the trial court—that the only buildings eligible for a B&B use are owner-occupied Class I historic resources—is clearly one prerequisite to approval of the use. That court found, correctly at the time, that this provision precluded acceptance of the plan because of the separate common pleas ruling noted above that the Tenant House could not be used as proposed for guest rooms. However, in the related appeal argued seriately with the instant appeal, *Soland v. Zoning Hearing Board of East Bradford Township*, ___ A.3d ___ (Pa. Cmwlth., Nos. 395 and 990 C.D. 2022, filed Feb. 20, 2024) (*Soland II*), we reversed the trial court's order. We concluded that the Marshalls were entitled to the variance relief granted by the ZHB and reversed the trial court's

8

holding to the contrary. Therefore, this basis for the trial court's ruling here is no longer applicable.

Next, the trial court addressed other bases for the Board's order. As to the open space requirement, the trial court held that the Drury Decision was limited to the existing system, and not to any expansion or replacement of that system. However, the Marshalls maintain that they have no present intention to expand the existing septic system. The Marshalls argue that the existing septic system is sufficient for the B&B use and that portable toilets would be utilized for the proposed B&B estate's special events. The perc test merely established that the existing septic system could be expanded, if necessary.

We agree that the Board erred in denying the application based on the septic system's location within the open space. Mr. Marshall testified that bathrooms added to the Tenant House would be "self-contained" and not require an expansion of the existing septic system. June 12, 2018, Hearing, N.T. at 21; R.R. at 288a. While the perc test results indicated that the area in which the existing septic system is located would support an expansion of that system, both Mr. Marshall and Mr. Howell testified that the existing septic system would support the needs of the Tenant House and its existing bathrooms. Large events taking place on the proposed B&B estate would utilize portable toilets brought in for that express purpose. If and when the existing septic system would need to be updated or expanded, at least if it would expand into the existing open space, would require further proceedings and thus is an issue for another day. Section 115-48.2(V) of the Ordinance requires only that the Marshalls provide documentation that the existing septic system is sufficient to support increased usage caused by the proposed B&B estate.

9

With respect to the issue of parking, we agree with the Marshalls that the Board erred in denying the application on this basis. First, the conditional use provision of the Ordinance has no ADA requirement and there is no allegation that the specific parking requirements in the conditional use provision of the Ordinance were not met. As the Marshalls note, Section 115-48.2 of the Ordinance requires only that the impact assessment report and scaled drawings of the proposed B&B estate be submitted "[w]ith the conditional use application." Marshalls' Br. at 31. The record reflects that they complied with these requirements. Section 115-48.2(L)(9) of the Ordinance identifies the off-street parking requirements for a B&B estate; it does not require the submission of a parking plan, or identification of the specific locations of ADA-compliant parking. The Marshalls argue that the location of ADA parking was a detail that could have been made a condition of the application's approval. This satisfies the requirements of Section 1003-A(a) of the Pennsylvania Municipalities Planning Code (MPC).[8] The Marshalls agreed they would comply with all other applicable Township codes and regulations, as required by Section 115-48.2(W) of the Ordinance. While the Board has the right to impose conditions or otherwise enforce ADA requirements,[9] it cannot withhold approval of a conditional use on issues that are not specific requirements of a conditional use.

The Board also erred in denying the application because the proposed B&B estate's landscaping plan had not been finalized. A B&B estate's landscaping requirements are governed by Section 115-45.1 of the Ordinance. This section does not require the presentation of a landscaping plan at the time the conditional use

---

[8] Act of July 31, 1968, P.L. 805, *as amended*, added by the Act of December 21, 1998, P.L. 1329, 53 P.S. § 11003-A(a).

[9] Section 115-56(B)(21) of the Ordinance mandates that parking areas must comply with the ADA. Ordinance § 115-56(B)(21).

application is submitted. Rather, it is required to be filed at the time of an application under Chapter 45 of the Ordinance, which concerns the process for obtaining a building permit. Thus, the landscaping requirements are to be enforced at that juncture as a prerequisite to permit approval, not as a prerequisite of approval of the conditional use. Section 115-48.2(N) of the Ordinance mandates that any tents or canopies used for the operation of a B&B estate be fully screened from any off-property vantage point. Mr. Howell's testimony did suggest that portions of an event tent might be temporarily visible. The Board did not deny the application on the basis that such an occurrence would violate the conditions required of a B&B estate, however. It rejected the application because final details regarding the landscaping plan were left open. Moreover, this is the sort of requirement that relates to operational requirements and must be enforced if and when a violation should occur.

As for the structural requirements in Section 115.48.2(P) of the Ordinance, the Board similarly denied the application on the grounds that the structural analysis was incomplete and/or unresolved. (Jan. 9, 2019 Board Decision at 28; App. B to Board's Br.) The Ordinance is silent as to precisely when an applicant must render a submission to the Board, providing only that a professional structural engineer's review of structural capacity and submission to the Board of the results of such review, along with the recommended design to accommodate the maximum occupancy, constitutes a condition that must be met before operation of a B&B estate. The Marshalls acknowledged that a report had not yet been generated and requested that it be provided as a condition of approval. (*Id*., Finding of Fact No. 59.) In addition, the Marshalls' engineer testified that he had a structural engineer conduct some reviews but that repair details had not been finalized. July 10, 2018 Hearing, N.T. at 108. Subsequently, he stated that the structural analysis was

11

forthcoming. Sept. 4, 2018 Responses of the Marshalls' Project Engineer to the Township Engineer's Review Comments, ¶ 4, p.2; R.R. at 107a. Again, we believe that this is one of the requirements that is a prerequisite to issuance of a use and occupancy permit, not to approval of the use itself.

**Waiver**

Section 1003-A(a) of the MPC provides that a land use appeal must concisely set forth the grounds upon which the appellant relies. 53 P.S. § 11003-A(a). Where a notice of appeal fails to specify the grounds for appeal, dismissal of the appeal is warranted. *Therres v. Zoning Hearing Bd. of Borough of Rose Valley*, 947 A.2d 226, 232 (Pa. Cmwlth. 2008). A minimal identification of issues on appeal is required. *Id.* An indispensable element of an assertion of grounds for a legal action is an allegation of the facts forming the basis of a claim. *Id.* at 231.

In the Marshalls' February 2019 notice of appeal from the Board's January 2019 decision, they generally argued that the Board applied sections of the Ordinance that were not applicable to a B&B estate or that it was overly stringent in applying the correct provisions of the Ordinance. (Feb. 8, 2019 Notice of Appeal; App. E to Board's Br.) However, the trial court in its 2019 opinion affirming the Board's denial of the Marshalls' conditional use application addressed only the issue of the common area requirement issue viz-a-viz the Barn without addressing the Board's other reasons for denying the application. *Marshall I*, slip op. at 7. In agreement with the Board that the Barn could not be treated as part of the common area, the trial court never stated that any remaining issues were waived. This Court in its remand order in *Marshall I* directed "the trial court to address the remaining issues raised in [the Marshalls'] appeal of the [Board's] decision." *Id.* at 21. Thus the trial court addressed issues pertaining to noise; septic; parking; landscaping; and

12

structural requirements in its March 2022 Remand Opinion. Notably, the trial court did not characterize any issues as potentially waived until it rendered its July 2022 1925(a) opinion.

The Marshalls in their Concise Statement raised (in addition to the issue of use of the Tenant House) the following issues: sewer, ADA, parking, landscaping, and structural capacity. (May 12, 2022 Concise Stmt. at 1-2; App. F to Board's Br.) In response, the trial court asserted that the issues had been waived[10] and that the allegations were insufficiently specific to determine the nature of the claims. This assertion is perplexing in light of the fact that they had been asserted throughout the litigation and had specifically been addressed on the merits in the March 2022 Remand Opinion. We agree with the Marshalls that these issues were not waived.

For all the foregoing reasons, we reverse the trial court's order. However, because the Board rejected the conditional use application, it did not consider the imposition of conditions. Therefore, we remand and instruct the trial court to further remand to the Board for consideration of any conditions necessary and appropriate to the permitted use as a B&B estate.

 

**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita

Judge Fizzano Cannon did not participate in the decision of this case.

---

[10] The trial court is correct that issues not raised in the lower court are waived and cannot be raised for the first time on appeal. Pa.R.A.P. 302(a).

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

John Marshall and Dara Gans-Marshall, :
          Appellants       :
                                    :
          v.             :   No. 394 C.D. 2022
                                    :
East Bradford Township Board of   :
Supervisors and Daniel Soland and  :
Dorothy Soland                :

# **O R D E R**

AND NOW, this 8th day of April, 2024, the order of the Court of Common Pleas of Chester County is hereby REVERSED and this matter is REMANDED for further remand to the East Bradford Township Board of Supervisors for proceedings in accordance with the foregoing opinion.

Jurisdiction relinquished.

 

 

_____
**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

John Marshall and Dara-Gans Marshall,  :
                       Appellants      :
                                :
        v.                        :     No. 394 C.D. 2022
                                :
East Bradford Township Board of     :
Supervisors and Daniel Soland and   :
Dorothy Soland                :     Argued:  June 5, 2023

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, President Judge
                HONORABLE ELLEN CEISLER, Judge
                HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

<u>OPINION NOT REPORTED</u>

CONCURRING AND DISSENTING OPINION
BY JUDGE CEISLER                       FILED:  April 8, 2024

      I concur with the majority's conclusion that the Court of Common Pleas of Chester County (trial court) erred when it held that John Marshall and Dara-Gans Marshall (Marshalls) failed to comply with the septic, landscaping, and parking requirements for a bed and breakfast (B&B) estate set forth in Section 115-48.2 of the East Bradford Township Zoning Ordinance (Ordinance).[1]  As noted in my dissent to this Court's decision in *Soland v. Zoning Hearing Board of East Bradford Township*, ___ A.3d ___ (Pa. Cmwlth., Nos. 395 and 990 C.D. 2022, filed February 20, 2024), I disagree with the *Soland* Court's decision to grant the Marshalls *de minimis* variance relief from the requirement in Section 115-48.2(A) of the Ordinance that guest rooms for the proposed B&B estate utilize an owner-occupied structure.  Accordingly, I respectfully dissent from the majority's decision to reverse the trial court.

                                            ELLEN CEISLER, Judge

---

[1] East Bradford Township, Pa., Ordinance § 115-48.2 (October 11, 2016).